IN RE ERASMO GONZALEZ



NO. 07-02-0277-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 9, 2002



______________________________




IN RE ERASMO GONZALEZ, RELATOR






_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 By this original proceeding, relator Erasmo Gonzalez, an inmate proceeding pro se
and informa pauperis, seeks a writ of mandamus to compel the Judge of the 69th District
Court to set a hearing and rule on a motion for writ of mandamus to compel the District
Clerk of Dallam County to produce a public record. By opinion dated March 8, 2002, in
cause number 07-02-0105-CV, this Court denied a petition for writ of mandamus by which
relator sought the same relief he requests by this proceeding. For the same reasons
expressed in our prior opinion, relator's motion for leave to file a petition for writ of
mandamus and his petition for writ of mandamus must be denied.

 An original proceeding filed in this Court must comply with the requirements of Rule
52 of the Texas Rules of Appellate Procedure. Rule 52.3 sets forth the mandatory
requirements of a petition as follows:

 (a) Identity of Parties and Counsel

 (b) Table of Contents

 (c) Index of Authorities

 (d) Statement of the Case

 (e) Statement of Jurisdiction

 (f) Issues Presented

 (g) Statement of Facts

 (h) Argument

 (i) Prayer

 (j) Appendix


 Relator's petition is in substantial compliance with only subparagraphs (e) and (i). 
Otherwise, the petition lacks the necessary information for this Court to determine whether
relator is entitled to the relief he seeks. Specifically, relator has failed to provide a certified
or sworn copy of the motion he filed in the 69th District Court showing the matter of which
he complains. Tex. R. App. P. 52.3(j)(1)(A). As stated in our prior opinion, relator has not
demonstrated that he has requested and been refused a hearing on his pending motion. 
Even a pro se applicant for a writ of mandamus must show himself entitled to the relief he
seeks. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.-Houston [1st Dist.] 1992, orig.
proceeding).

 Accordingly, relator's motion for leave to file a petition for writ of mandamus and his
petition for writ of mandamus are hereby denied.

 Don H. Reavis

 Justice


Do not publish.



refused
to act upon it. One asking for mandamus relief must first show that the trial court was
asked to do something and that it refused the request. O'Connor v. First Court of Appeals,
837 S.W.2d 94, 97 (Tex. 1992). 

 Accordingly, the petition for writ of mandamus is denied.


 Brian Quinn 

 Justice