NO. 12-05-00058-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


§

IN RE: GREGGORY T. GRAHAM,                  §     ORIGINAL PROCEEDING
RELATOR
§





MEMORANDUM OPINION
PER CURIAM
            In this original proceeding, relator Greggory T. Graham seeks a writ of mandamus against
the Honorable Jack Skeen, Jr., Judge of the 241st Judicial District Court, Smith County, Texas, for
his failure to rule on Graham’s motion for appointment of counsel filed pursuant to Texas Code of
Criminal Procedure, article 64.01(c).


 He also complains that Lois Rogers, District Clerk of Smith
County, has failed to “file date stamp” his motion. We deny Graham’s petition.

Discussion
            The Legislature has not conferred authority on courts of appeals to issue writs of mandamus
generally. See Tex. Gov’t Code Ann. § 22.221 (Vernon 2004). We may issue a writ of mandamus
and all other writs necessary to enforce the jurisdiction of the court. Id. § 22.221(a). We may also
issue a writ of mandamus against a judge of a district or county court in the court of appeals district
or a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52,
Code of Criminal Procedure, in the court of appeals district. Id. § 22.221(b). Graham’s allegations
relating to the respondent district clerk do not show that the issuance of a writ of mandamus is
necessary to enforce our jurisdiction. Therefore, we have no jurisdiction to grant the requested relief
as to the district clerk. Moreover, even if we had such authority, Graham has not presented a record
that supports his complaint against the district clerk. See Tex. R. App. P. 52. 
            As to the respondent trial judge, mandamus is available only to correct a clear abuse of
discretion. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Moreover, there
must be no adequate remedy at law. Id. Relators seeking issuance of a writ of mandamus directed
to a trial judge must satisfy three requirements to show entitlement to the writ: (1) a legal duty to
perform; (2) a demand for performance; and (3) a refusal to act. O’Connor v. First Court of
Appeals, 837 S.W.2d 94, 97 (Tex. 1992). A trial court is not required to consider a motion not called
to its attention. See Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex. App.–Houston [1st Dist.] 1994, writ
denied); see also Tex. R. App. P. 33.1. “Indeed, one can hardly be faulted for doing nothing if he
were never aware of the need to act.” In re Chavez, 62 S.W.3d 225, 227 (Tex. App.–Amarillo 2001,
orig. proceeding).
            Here, nothing appears in the record showing that the respondent trial judge had notice of the
motion. Graham has furnished a document that he asserts is a copy of a letter transmitting his
motion to the district clerk asking that she “[p]lease file this, and bring it to the attention of the
Court.” However, nothing in the record indicates whether the district clerk received the letter and
did, in fact, call the motion to the trial judge’s attention. To be entitled to mandamus relief against
the trial judge, it is incumbent upon Graham to illustrate that the clerk informed the trial judge of the
motion or that he otherwise obtained knowledge of it. Id. at 228. Graham has not met this burden,
and therefore we cannot say that the trial judge abused his discretion in allegedly failing to act on
the motion. See id.
Disposition
            The portion of Graham’s mandamus petition requesting mandamus relief against the district
clerk is dismissed for want of jurisdiction. As to the respondent trial judge, the writ is denied.
 SAM GRIFFITH 
                                                                                                           Justice
Opinion delivered March 23, 2005.
Panel consisted of Worthen, C.J. and Griffith, J.
Devasto, J., not participating.
(PUBLISH)