Michol O'CONNOR, Justice, First
Court of Appeals, Relator,

v.

FIRST COURT OF APPEALS,
Respondent.

No. D–1571.

Supreme Court of Texas.

Sept. 16, 1992.

---

Hon. Michol O'Connor, pro se.

Steven A. Gibbins, Jay L. Winckler, Austin, John D. Ellis, Jr., Katherine Lynn Levy, Houston, for respondent.

## OPINION

MAUZY, Justice.

In this original proceeding, Justice Michol O'Connor of the First Court of Appeals seeks a writ of mandamus directing that court to instruct its clerk to file O'Connor's dissent from the denial of a motion to hear an appeal en banc. Richard Fought, the appellant in the underlying suit, seeks the same relief. We conditionally grant the writ of mandamus.

In the underlying case, Richard Fought sued Dr. David Solce for medical malpractice. The trial court granted summary judgment for Dr. Solce. Fought appealed to the First Court of Appeals, where the case was submitted to a panel consisting of Justices Jon N. Hughes, Sam Bass and D. Camille Dunn. In accordance with the court's customary practice, a proposed opinion was eventually circulated to all members of the court for comments. Justice O'Connor, exercising her prerogative under Rule 79(e) of the Texas Rules of Appellate Procedure,[1] made a written motion to submit the case for en banc hearing; but the motion failed to receive a majority vote. When the opinion in *Fought v. Solce* was issued,[2] O'Connor informed the court that she planned to file a dissent from the order denying en banc consideration. A majority of the full court then voted to deny O'Connor leave to file the dissent, and accordingly instructed its clerk by written order not to file the dissent. When O'Connor presented her dissent for filing, it was refused.

O'Connor argues that a court of appeals has a duty to allow a nonpanel justice to file a dissent from the court's denial of a motion for en banc consideration. We agree.

Rule 90(e) of the Texas Rules of Appellate Procedure provides in part that "[a]ny justice may file an opinion concurring in or dissenting from the decision of the court of appeals." The First Court of Appeals construes this provision to mean that any justice *on the panel deciding the case* may file a dissenting opinion; but neither policy

---

1. Rule 79(e) provides in part:
   A vote need not be taken to determine whether a cause shall be heard or reheard en banc unless a justice of the en banc court requests a vote. If a vote is requested and a majority of the membership of the en banc court vote to hear or rehear the case en banc, the case will be heard or reheard en banc; otherwise, it will be decided by a panel of the court.

2. *Fought v. Solce*, 821 S.W.2d 218 (Tex.App.— Houston [1st Dist.] 1991, writ requested).

nor precedent supports that interpretation of the rule.

The viability of the First Court's interpretation must be considered in light of Texas Rule of Appellate Procedure 79, which governs panel and en banc submission in the courts of appeals. The adoption of Rule 79 was made possible by the passage in 1978 of a constitutional amendment permitting courts of civil appeals to sit in sections. *See* Act of May 25, 1977, 65th Leg., R.S., 1977 Tex.Gen.Laws 3366 (proposing amendment to Tex. Const. art. V, § 6). That amendment was not intended to splinter the courts of appeals into new, distinct courts; it was intended "to authorize the increase in size of existing Courts of Civil Appeals to meet population demands rather than creating more new courts." HOUSE COMM. ON CONST. AMENDMENTS, BILL ANALYSIS, S.J.R. 45, 65th Leg., R.S. (1977). The enabling statute accordingly allowed courts of civil appeals to sit in panels of three or more, as in the federal circuit courts of appeals. Act of May 27, 1977, ch. 624, 65th Leg., R.S., 1977 Tex. Gen.Laws 1531.[3]

■ The provisions of Rule 79 reflect the view that a court of appeals is a single, unitary body, even though it may sit in panels. Unless a court of appeals chooses to hear a case en banc, the decision of a panel constitutes the decision of the whole court. *See* Tex.R.App.P. 79(a). Thus, the rule provides for en banc review when necessary to maintain uniformity of the court's decisions. Tex.R.App.P. 79(e).

■ Because a court of appeals is an integral body, even when it sits in panels, we construe the words "any justice" in Rule 90(e) to signify any justice serving on the court of appeals. To read the rule more restrictively would divide the court into distinct subparts, effectively disenfranchising those members of the court who were not on the original panel deciding the case. *See generally Textile Mills Sec. Corp. v. Commissioner of Internal Reve-*

*nue,* 314 U.S. 326, 333, 62 S.Ct. 272, 277, 86 L.Ed. 249 (1941).

A nonpanel member's dissent from denial of en banc review serves the same salutary purposes served by any other dissenting opinion: chiefly, promoting the uniformity and correctness of the court's decisions. Chief Justice Hughes of the United States Supreme Court once called the dissenting opinion

> an appeal to the brooding spirit of the law, to the intelligence of a future day, when a later decision may possibly convert the error into which the dissenting judge believes the court to have been betrayed.

CHARLES EVAN HUGHES, THE SUPREME COURT OF THE UNITED STATES 68 (1937). As with any other dissent, the prospect of a dissenting opinion by a nonpanel member of the court of appeals "heightens the opinion writer's incentive to 'get it right.'" Ruth Bader Ginsburg, *Remarks on Writing Separately,* 65 WASH.L.REV. 133, 144 (1990); *see also* Karl M. ZoBell, *Division of Opinion in the Supreme Court: A History of Judicial Disintegration,* 44 CORNELL L.Q. 186, 211 (1959).

Our interpretation of Rules 79 and 90(e) is consistent with practice in the federal circuit courts of appeals, on which this state's panel system was modelled.[4] The federal rule governing en banc review, Fed. R.Civ.P. 35, does not expressly address the right to dissent from an order overruling a motion for en banc review; but nonetheless, such dissents are common. *See Isaacs v. Kemp,* 782 F.2d 896, 897 n. 1 (11th Cir.1986) ("Dissents from orders denying rehearing *en banc* have proliferated in our court ... to the point where the practice may be said to have become institutionalized."); *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 809 F.2d 584, 585 (9th Cir.1987) ("Denial of rehearing en banc does not foreclose the opportunity to point out where the opinion distorts what the district court did, to underline certain

---

3. The statute, which amended Tex.Rev.Civ.Stat. Ann. art. 1812 (Vernon 1964), is now codified as amended at sections 22.222–.223 of the Texas Government Code.

4. *See* HOUSE COMM. ON JUDICIAL AFFAIRS, BILL ANALYSIS H.B. 1355, 65th Leg., R.S. (1977).

difficulties the opinion creates, and finally to point out alternative avenues that the opinion does not cut off."). In the Fifth Circuit Court of Appeals alone, there are abundant examples of dissents from the denial of en banc review.[5]

Our interpretation is also consistent with previous practice in other Texas courts. Though no Texas court has expressly addressed the present issue, nonpanel justices have dissented from the denial of motions for rehearing en banc in the Court of Criminal Appeals[6] and in at least one court of appeals.[7]

By enabling Justice O'Connor to file her dissent, our construction of Rule 90(e) avoids any potential constitutional difficulties, *see Davenport v. Garcia*, 834 S.W.2d 4 (Tex.1992); *Ex parte Tucker*, 110 Tex. 335, 337–38, 220 S.W. 75, 76 (1920), posed by a restrictive interpretation of the rule. *See Federal Sav. & Loan Ins. Corp. v. Glen Ridge I Condominiums, Ltd.*, 750 S.W.2d 757, 759 (Tex.1988) (statutes should be construed to avoid doubts of their constitutionality).

We hold that when a court of appeals votes against hearing a case en banc, any member of the court is entitled to file a dissent, regardless of whether the judge was on the original panel deciding the case.

The court of appeals has a duty under Rule 90(e) to allow the filing of such a dissent, and this duty is non-discretionary. *Cf. Cowan v. Fourth Court of Appeals*, 722 S.W.2d 140 (Tex.1987) (court of appeals has no discretion to deny a party the right to file a motion for rehearing).

Mandamus will issue when there is a legal duty to perform a non-discretionary act, a demand for performance, and a refusal. *Doctors Hosp. Facilities v. Fifth Court of Appeals*, 750 S.W.2d 177, 178 (Tex.1988). Because O'Connor and Fought have established all three requisites, they are entitled to mandamus relief. We are confident that the First Court will vacate its order instructing its clerk not to file the dissent at issue. The writ will issue only if the court fails to do so.

Concurring opinion by PHILLIPS, C.J., joined by COOK, HECHT and CORNYN, JJ.

PHILLIPS, Chief Justice, concurring.

I concur in the judgment of the Court, but I am not willing to join in that portion of the opinion which suggests that our interpretation of Tex.R.App.P. 90(e) is premised, in part, on a desire to avoid a potential constitutional defect. I believe that our interpretation of Rule 90(e) is cor-

**5.** *See, e.g., Eichenseer v. Reserve Life Ins. Co.*, 894 F.2d 1414 (5th Cir.1990); *Trevino v. General Dynamics Corp.*, 876 F.2d 1154 (5th Cir.1989); *U.S. v. Lawrence County School Dist.*, 808 F.2d 1063 (5th Cir.1987); *Hagerty v. L & L Marine Services, Inc.*, 797 F.2d 256 (5th Cir.1986); *Dahl v. Pinter*, 794 F.2d 1016 (5th Cir.1986); *Grandstaff v. City of Borger*, 779 F.2d 1129 (5th Cir.1986); *Levine v. CMP Publications, Inc.*, 753 F.2d 1341 (5th Cir.1985); *Cleburne Living Center, Inc. v. City of Cleburne*, 735 F.2d 832 (5th Cir.1984); *U.S. v. M/V Big Sam*, 693 F.2d 451 (5th Cir. 1982); *Lubbock Civil Liberties Union v. Lubbock Indep. Sch. Dist.*, 680 F.2d 424 (5th Cir.1982); *Cook v. Hudson*, 515 F.2d 762 (5th Cir.1975); *Johnson v. Mississippi*, 491 F.2d 94 (5th Cir. 1974); *U.S. v. Buras*, 475 F.2d 1370 (5th Cir. 1972); *Greco v. Seaboard C.L.R. Co.*, 468 F.2d 822 (5th Cir.1972); *Logue v. U.S.*, 463 F.2d 1340 (5th Cir.1972); *Becker v. Thompson*, 463 F.2d 1338 (5th Cir.1972); *Novak v. Beto*, 456 F.2d 1303 (5th Cir.1972); *Pendergraft v. Cook*, 449 F.2d 1372 (5th Cir.1971); *Johnson v. Oil Transport Co.*, 445 F.2d 1402 (5th Cir.1971); *Schnautz v. Beto*, 416 F.2d 214 (5th Cir.1969); *Whirl v. Kern*, 407 F.2d 781 (5th Cir.1968).

**6.** *See Miller v. State*, 702 S.W.2d 586 (Tex.Crim. App.1981); *Hightower v. State*, 629 S.W.2d 920 (Tex.Crim.App.1981); *Williams v. State*, 622 S.W.2d 95 (Tex.Crim.App.1981); *Hamilton v. State*, 621 S.W.2d 407 (Tex.Crim.App.1981); *Rushing v. State*, 621 S.W.2d 606 (Tex.Crim.App. 1981); *Young v. State*, 621 S.W.2d 779 (Tex. Crim.App.1981); *Green v. State*, 615 S.W.2d 700 (Tex.Crim.App.1980); *Garcia v. State*, 605 S.W.2d 565 (Tex.Crim.App.1980); *Mason v. State*, 604 S.W.2d 83 (Tex.Crim.App.1980); *Hernandez v. State*, 603 S.W.2d 848 (Tex.Crim.App. 1980); *Ex Parte Solete*, 603 S.W.2d 853 (Tex. Crim.App.1980); *McNiel v. State*, 599 S.W.2d 328 (Tex.Crim.App.1980); *Hardison v. State*, 597 S.W.2d 355 (Tex.Crim.App.1980); *Ozuna v. State*, 587 S.W.2d 385 (Tex.Crim.App.1979); *Cleland v. State*, 575 S.W.2d 296 (Tex.Crim.App. 1978); *Johnson v. State*, 573 S.W.2d 778 (Tex. Crim.App.1978); *Brewer v. State*, 572 S.W.2d 940 (Tex.Crim.App.1978).

**7.** *See Molnar v. Engels, Inc.*, 705 S.W.2d 224 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.).

rect. Accordingly, there is no need to reach, and I express no opinion regarding, relator's argument that the Court of Appeals' decision infringes upon her constitutional rights. *See Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 341, 56 S.Ct. 466, 480, 80 L.Ed. 688 (1936) (Brandeis, J., concurring); *San Antonio General Drivers, Helpers Local No. 657 v. Thornton*, 156 Tex. 641, 647, 299 S.W.2d 911, 915 (1957).

COOK, HECHT and CORNYN, JJ., join in this concurring opinion.