6-96-028-CV Long Trusts v. Dowd 


















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00044-CV
______________________________



IN RE:
PRINCE BROWN





                                                                                                                                            
                 
Original Mandamus Proceeding





                                                                                                                                            
                                           


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross



MEMORANDUM OPINION

          Prince Brown has filed with this Court a petition for writ of mandamus. Brown seeks
to compel the trial judge for the 71st Judicial District to "[r]estrain [a]gent, or [a]gents of the
State from destruction and, or, theft of Brown's property now in custody of the State and
to [o]rder the review of said property to prevent the destruction and, or, sale to cover up
theft, which Brown alleges has already occurred." 
          Brown has supplied no record from the trial court. He does attach a letter from the
Harrison County District Attorney's Office, advising that a seizure case, styled State v.
$1,757.05 In U.S. Currency, et al, is set for trial April 5, 2006. In the body of his petition
for mandamus relief, Brown states that he has not been to trial on this matter and that he
has not received notice of any rescheduling. 
          Brown's petition fails to comply with Texas Rule of Appellate Procedure 52.3. He
supplies no table of authorities or contents; no identity of parties and counsel; no statement
of the case or jurisdiction, and no record of proceedings in the trial court relevant to this
petition. His failure to supply a record is fatal to this petition. One seeking mandamus
relief must accompany his or her petition with an appendix, including a "certified or sworn
copy of . . . [the] document showing the matter complained of." Tex. R. App. P.
52.3(j)(1)(A). 
          Further, Brown has not demonstrated that the trial court has been asked to do
something and refused such request. Such is required of any party seeking mandamus
relief. O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992). 
          We deny Brown's request for mandamus relief. 
 
 
                                                                Donald R. Ross
                                                                Justice

Date Submitted:      April 25, 2006
Date Decided:         April 26, 2006





uidroz objected to several portions of the PSI report. As it relates to his
appeal, Guidroz objected to the report's inclusion of results from a "Static 99" test.


 The results from
the Static 99 test suggested Guidroz posed a "high risk" for committing another sexual offense in the
future. 
            The trial court overruled Guidroz' objections to the Static 99 test, and presumably considered
it when sentencing Guidroz. On appeal, Guidroz contends the trial court violated his Fifth
Amendment right against self-incrimination by admitting the results of the Static 99 test during the
punishment phase of the trial. See U.S. Const. amend. V. 
            To preserve a complaint for appellate review, 
the record must show that: (1) the complaint was made to the trial court by a timely
request, objection, or motion that: (A) stated the grounds for the ruling that the
complaining party sought from the trial court with sufficient specificity to make the
trial court aware of the complaint, unless the specific grounds were apparent from the
context . . . .
 
Tex. R. App. P. 33.1(a). For example, objecting to a witness' testimony on the basis of hearsay will
not preserve for appeal a Confrontation Clause objection. Paredes v. State, No. 74,293, 2004 WL
57432 (Tex. Crim App. Jan. 14, 2004). 
            In his objection to the trial court, Guidroz did not assert the Static 99 test violated his Fifth
Amendment protection against self-incrimination. And from the context of the ensuing testimony
from Isles, it is clear Guidroz' attack on the Static 99 test being admitted into evidence was not based
on a Fifth Amendment violation, but instead based on Isles' reliance on the police report in
determining the proper answers that would ultimately contribute to Guidroz' "high risk" score. Thus,
Guidroz' generalized objection in the trial court was insufficient to preserve his appellate claim of
constitutional error.
            Moreover, Article 42.12, Section 9A of the Texas Code of Criminal Procedure requires the
trial court to order a report that evaluates a proposed course of conduct or rehabilitation.
If the defendant is a sex offender, the judge shall direct a supervision officer
approved by the community supervision . . . department . . . to evaluate the
appropriateness of, and a course of conduct necessary for, treatment, specialized
supervision, or rehabilitation of the defendant and to report the results of the
evaluation to the judge. The judge may require the evaluation use offense-specific
standards of practice adopted by the counsel and may require the report to reflect
those standards. The evaluation shall be made after conviction and before entry of
the final judgment, or, if requested by the defendant, after arrest and before
conviction.
 
Tex. Code Crim. Proc. Ann. art. 42.12, § 9A(c) (Vernon Supp. 2004) (emphasis added). 
            In this case, Isles used the Static 99 test as one component of her multifaceted case evaluation
in making a rehabilitation recommendation to the trial court. An offender's likelihood of recidivism
is relevant when considering an appropriate course of rehabilitation. As such, the trial court did not
err by adhering to the statutory requirements of Article 42.12, Section 9A and considering the results
of the Static 99 test.
 
 
 
 
 
            For the reasons stated, we affirm the trial court's judgment.



                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          March 31, 2004
Date Decided:             April 1, 2004

Do Not Publish