NUMBER 13-05-082-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

JOSE CARRERAS, M.D., P.A.,                                   Appellant,

 

                                           v.

 

CARLOS
FRANCISCO MARROQUIN, ET AL,                  Appellees.

 

 

 

                  On appeal from the 206th
District Court

                           of Hidalgo
County, Texas.

 

 

 

DISSENTING MEMORANDUM
OPINION ON 

MOTION
FOR CONSIDERATION EN BANC

 

                                  Before the Court En Banc

                Dissenting Memorandum Opinion by Justice Castillo

 








This case is now
before the Court on motion for consideration en banc.  See 
Tex. R. App. P. 41.2,
49.7.  Appellant Jose Carreras presents
one issue.  Among other things, he
maintains that the panel majority incorrectly interpreted the statutory
mandates of section 74.351 of the Texas Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem.
Code Ann. _74.351(a) (Vernon Supp. 2005).  Addressing both the substance of the
proffered expert report and the expert's qualifications, Carreras asks us to
review en banc whether (1) the proffered expert report is sufficient as a
matter of law because it is (a) unsigned and/or (b) does not address causation,
(2) a paragraph in the unsigned report is a statutorily sufficient curriculum
vitae, (3) an unsigned expert report filed in response to requests for
disclosure can be used to satisfy both rule 194.2 and chapter 74
requirements.  See Tex. R. Civ. P. 194.2(f); Tex.
Civ. Prac. & Rem. Code Ann. _74.351(a).  Because it is dispositive of the motion, I
address solely the latter question.  See
Tex. R. App. P. 47.1.  

I.  Dual Purpose Filing of the Expert Report

Two
"reports" are in the record. 
One is signed.  One is not.  The claimants maintained below and now on
appeal that the unsigned report filed in response to the requests for
disclosure was their expert report filed for the dual purposes of satisfying
discovery and chapter 74.  At the
hearing, Carreras asserted that the unsigned report, while arguably satisfying
the requirements of a testifying expert, did not meet section 74 requirements
as to, among other things, causation. 
Carreras further argued that the report was unsigned.








Our sister court has
recently held that "the expert report required by ' 74.351 is separate
from the designation of experts contemplated under the discovery
rules."  Rugama v. Escobar,
No. 13-02-118-CR, 2006 Tex. App. LEXIS 2697 *6 (Tex. App. BSan Antonio April 5,
2006, no pet. h.) (construing Texas
Rule of Civil Procedure 195.2
regarding deadlines for designating experts unless otherwise ordered by the
trial court) (not designated for publication). 
Our sister court recognized that, in enacting the requirement as to a
timely filed expert report, the Legislature decided discovery should not
proceed until at least one expert examined the case and opined as to the
applicable standard of care, that it was breached, and that there was a causal
relationship between the failure to meet the standard of care and the injury,
harm, or damages claimed.  See id. (citing
Murphy v. Russell, 167 S.W.3d 835, 838 (Tex.  2005). 
Further, until a claimant has served the expert report and curriculum
vitae required by section 74.351(a), most forms of discovery in a health care
liability case are stayed.  Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(s), (u)
(Vernon Supp. 2005).  Following our
sister court's reasoning, I conclude that the requirement of an expert report
under section 74.351(a) is separate from the requirements for requests for
disclosure contemplated under the discovery rules.  In this context, it can reasonably be
inferred that the proffered report in this case lacked a signature because it
was served to comply with discovery rules. 
However, the document was never authenticated.          








A party's production of
a document in response to written discovery authenticates the document for use
against that party in any pretrial proceeding or at trial unlessBwithin ten days or a
longer or shorter time ordered by the court, after the producing party has
actual notice that the document will be usedBthe party objects to the authenticity of the
document, or any part of it, stating the specific basis for objection.  Tex.
R. Civ. P. 193.7.  An objection
must be either on the record or in writing and must have a good faith factual
and legal basis.  Id.  

I conclude that where,
as here, claimants proffer an expert report to satisfy both requests for
disclosure and section 74.351 requirements, rule 193.7 is implicated and its
requirements must be satisfied.

In this case, on
January 7, 2005, the claimants for the first time, identified the unsigned
report as their expert report for section 74.351 purposes.  The hearing on Carreras's motion to dismiss
occurred three days later.  At the
hearing, Carreras unequivocally objected that the report was not signed.  The objection was timely.  It was sufficient to raise the question of
authenticity.  The claimants never
established authenticity of the unsigned report.[1]  The claimants did not request an opportunity
to establish authenticity of the unsigned report proffered as a section 74.351
expert report.  Conversely, Carreras
objected and preserved error.  








Even assuming, as the
panel majority concluded on original submission, that section 74.351 does not
require an expert report to bear the expert's signature, the inquiry does not
and, respectfully, cannot end there.  The
expert report is a threshold requirement to pursuing a health care liability
claim.  See Murphy, 167 S.W.3d at
838 (addressing predecessor statute). 
Claimants cannot escape the Legislature's statutory scheme by filing, as
here, a report that has not been authenticated by the expert.  It follows that finding, as the panel
majority did, an unauthenticated expert report is adequate under section 74.351
presents an extraordinary circumstance ripe for en banc review.[2]  See Tex.
R. App. P. 41.2(c).  I turn to
that discussion.

II.  En Banc Consideration

Respectfully, I
disagree with the panel majority's decision to deny consideration en banc.  I am mindful that en banc review at
intermediate appellate courts was instituted to maintain uniformity of a
court's decisions as a single, unitary body, even though the court may sit in
panels.  See O'Connor v. First Court
of Appeals, 837 S.W.2d 94, 96 (Tex. 1992) (orig. proceeding).  Further, en banc consideration of a case is
not favored and should not be ordered unless necessary to secure or maintain
uniformity of the court's decisions or unless extraordinary circumstances
require en banc consideration.  See Tex. R. App. P.  41.2(c); see also Tex. R. App. P. 49.7.  Thus, when there is no conflict among panel
decisions, the existence of extraordinary circumstances is required before en
banc consideration may be ordered.  See Tex. R. App. P. 41.2(c).








The majority panel
opinion authorizes claimants to serve an expert report to satisfy both rule
194.2 and chapter 74 requirements, without requiring authentication under rule
193.7.  See Tex. R. Civ. P. 193.7; 194.2(f); Tex. Civ. Prac. & Rem. Code Ann. _74.351(a).  If, as the majority holds, a signature is not
required under section 74.351, then a signature must be required under rule
193.7 when, as here, the claimants admit it was served in response to
discovery.  On original submission, the
adequacy of the expert report was also challenged on grounds of the expert's
qualifications and causation.  Because
these are not perfunctory procedural issues, respectfully, the majority panel
opinion should be revisited.  The panel
majority rejects reconsideration.

III.  Conclusion

The expert report is
unsigned.  On original submission, the
panel majority concluded that the expert's signature was not required.  Because the unsigned report was not
authenticated, I conclude that we should reconsider the issues presented.  Accordingly, I would grant the motion.  

ERRLINDA CASTILLO

Justice

 

 

Dissenting Memorandum Opinion delivered 

and filed this the 11th  day of May, 2006.                                  











[1]The claimants subsequently served a
report that was signed.  However, at the
hearing, they stated that the signed report was "sent as a courtesy . . .
it was really to address the issues concerning [the hospital]" and not
Carreras.  The dispute centers on the
unsigned report.





[2]The extraordinary circumstance
presented in this case is that the holding allows claimants to file an unsigned
report served for discovery purposes under rule 194.2 to satisfy the
requirements of an expert report under section 74.351(a) without requiring compliance
with rule 193.7.  See Tex. R. Civ. P. 194.2(f), 193.7; Tex. Civ. Prac. & Rem. Code Ann. '74.351(a) (Vernon Supp. 2005).