**In re BP PRODUCTS NORTH AMERICA INC.**

No. 01–06–00980–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 8, 2006.

See also 263 S.W.3d 106, 2006 WL 2973037.

David M. Gunn, Katherine D. Mackillop, Otway B. Denny, Graig J. Alvarez, James D. Ebanks, Kenneth Tekell, Stephen Fernelius, Joseph Robert Larsen, Houston, TX, James B. Galbraith, Galveston, TX, for Relator.

Charles A. Daughtry, Robert E. Ammons, Houston, TX, Brent W. Coon, Beaumont, TX, James D. Nebout, Texas City, TX, Laura Lee Prather, Catherine Lewis Robb, Austin, TX, for Real Party Interest.

Panel consists of Chief Justice RADACK, and Justices ALCALA and HIGLEY.

## OPINION

ELSA ALCALA, Justice.

Relator, BP Products North America Inc. ("BP"), petitions this Court for writ of mandamus to direct the trial court[1] to set aside its order allowing the trial of this case to be televised and photographed.

We conclude that the trial court's order, which allows the broadcasting and photographing of the trial, fails to comply with Rule 18c of the Rules of Civil Procedure. *See* Tex.R. Civ. P. 18c. We, therefore, conditionally **grant** the petition for writ of mandamus.

## BACKGROUND

On October 19, 2006, the court ordered—over BP's objection—that the trial in this case will be televised and photographed.[2] Specifically, the court ordered:

Gavel to gavel coverage will be allowed beginning with opening statements through the verdict. Court TV will be the pool for other broadcast companies wanting to televise the trial on TV or the internet. Still photography will also be allowed in the courtroom from opening statements through the verdict. Pool arrangements will be determined after further consultation with the interested companies.

The Harris County Media Rules of the District Courts—Civil Trial Division for Televising Civil Trials will govern. If the Texas Supreme Court sets out rules applicable to civil trials thorough out [sic] Texas in the meantime those rules will also govern. There will be more guidelines set out by this court to be determined after consultation with media sources and Court personnel and facilities managers.

On October 30, 2006, BP filed this petition for writ of mandamus.

---

1. Respondent is the Honorable Susan E. Criss of the 212th District Court of Galveston County, Texas. The underlying suit is *In re: Texas City Explosion, March 23, 2005, Coordinated Discovery Proceedings*, Cause No. 05–CV–0337–A, (212th Dist. Ct., Galveston County, TX).

2. The first trial begins with jury selection on November 6, 2006, with the admission of evidence scheduled to begin November 13, 2006.

## STANDARD OF REVIEW

 Mandamus relief is available only to correct a "clear abuse of discretion" when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). "Mandamus will issue when there is a legal duty to perform a non-discretionary act, a demand for performance, and a refusal." *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 96 (Tex.1992) (orig.proceeding).

## DISCUSSION

Photographing and broadcasting of court proceedings is governed by Rule of Civil Procedure 18c, which provides:

A trial court may permit broadcasting, televising, recording, or photographing of proceedings in the courtroom *only* in the following circumstances:

(a) in accordance with guidelines promulgated by the Supreme Court for civil cases, or

(b) when broadcasting, televising, recording, or photographing will not unduly distract participants or impair the dignity of the proceedings *and the parties have consented,* and consent to being depicted or recorded is obtained from each witness whose testimony will be broadcast, televised, or photographed, or

(c) the broadcasting, televising, recording, or photographing of investiture, or ceremonial proceedings.

TEX.R. CIV. P. 18c. (Emphasis added). Under Rule 18c, therefore, photographing and broadcasting of court proceedings is not allowed, unless certain conditions are met. *See id.*

 None of the conditions for allowing the photographing and broadcasting of court proceedings have been met here. Under 18c(a), the photographing and broadcasting of court proceedings is allowed when done "in accordance with guidelines promulgated by the Supreme Court for civil cases." *Id.* That condition has not been met here because the Supreme Court has not published rules for the photographing and broadcasting of court proceedings for Galveston County courts. The trial court's order recognized the absence of these guidelines when it noted that "the Texas Supreme Court has not published rules for all civil trial courts in Texas to abide by when broadcasting or photographing trials."

In allowing the broadcasting and photographing of the trial despite the absence of the required Supreme Court guidelines, the Galveston County trial court referred to rules adopted in neighboring Harris County. In Harris County, courts have local, standing rules that have been approved by the supreme court that govern the broadcasting and televising of civil trials. *See* Rules of the Civil Trial Division of the Harris County District Courts 15.3 ("RECORDING AND BROADCASTING OF COURT PROCEEDINGS. Recording or broadcasting court proceedings in the Civil Trial Division is governed by uniform rules adopted by the judges of the Civil Trial Division.") *and* Electronic Media Rules of the Harris County District Courts Civil Trial Division. Those rules, however, apply only to Harris County courts. *See* TEX.R. CIV. P. 3a. Rule of Procedure 3a governs local rules and provides, with certain limitations, that "each administrative judicial region, district court, county court, county court at law, and probate court may make and amend local rules governing practice *before such courts* ...." *Id.* (Emphasis added). The Harris County local rules do not apply to Galveston County courts and, therefore, cannot serve as supreme court guidelines for the photographing and broadcasting of Galveston County

trial proceedings.[3] Tex.R. Civ. P. 18c(a).

██ In the absence of supreme court guidelines, broadcasting and photographing of proceedings can be done by consent or when the subject matter is an investiture or ceremonial proceeding. Tex.R. Civ. P. 18c(b), (c). But neither of these exceptions apply here. BP objected to the televising, broadcasting, recording, or photographing of the trial. The court's order does not comply with Rule of Civil Procedure 18c.

The trial court had a non-discretionary duty to deny the request to televise, broadcast, record, or photograph the trial proceedings. The court refused to do so. Accordingly, we find mandamus relief appropriate in this case. *See O'Connor,* 837 S.W.2d at 96.

### CONCLUSION

We hold that the trial court abused its discretion by ordering the photographing and broadcasting of the trial proceedings because the trial court's order fails to comply with the requirements of Rule 18c of the Rules of Civil Procedure. *See* Tex.R. Civ. P. 18c. We conditionally grant the petition for writ of mandamus, and we direct the court to vacate its October 19, 2006 order allowing the trial to be televised and photographed. We are confident that the court will promptly comply, and our writ will issue only if it does not.

We order the temporary stay granted in this case on October 30, 2006 lifted.

---

**3.** Should the Galveston County courts adopt rules that are then approved by the Texas Supreme Court for televising and photographing cases on trial, then the trial court may allow media coverage in this case in compliance with Rule 18c.