Opinion issued November 8, 2006










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00980-CV




IN RE BP PRODUCTS NORTH AMERICA INC.




Original Proceeding on Petition for Writ of Mandamus




O P I N I O N

          Relator, BP Products North America Inc. (“BP”), petitions this Court for writ
of mandamus to direct the trial court


 to set aside its order allowing the trial of this
case to be televised and photographed. 
          We conclude that the trial court’s order, which allows the broadcasting and
photographing of the trial, fails to comply with Rule 18c of the Rules of Civil
Procedure. See Tex. R. Civ. P. 18c. We, therefore, conditionally grant the petition
for writ of mandamus.
BACKGROUND
 
          On October 19, 2006, the court ordered—over BP’s objection—that the trial
in this case will be televised and photographed.


 Specifically, the court ordered:
Gavel to gavel coverage will be allowed beginning with opening
statements through the verdict. Court TV will be the pool for other
broadcast companies wanting to televise the trial on TV or the internet. 
Still photography will also be allowed in the courtroom from opening
statements through the verdict. Pool arrangements will be determined
after further consultation with the interested companies. 
 
The Harris County Media Rules of the District Courts—Civil Trial
Division for Televising Civil Trials will govern. If the Texas Supreme
Court sets out rules applicable to civil trials thorough out [sic] Texas in
the meantime those rules will also govern. There will be more
guidelines set out by this court to be determined after consultation with
media sources and Court personnel and facilities managers. 
 
          On October 30, 2006, BP filed this petition for writ of mandamus.
 
STANDARD OF REVIEW
          Mandamus relief is available only to correct a “clear abuse of discretion” when
there is no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992) (orig. proceeding). “Mandamus will issue when there is a legal duty to perform
a non-discretionary act, a demand for performance, and a refusal.” O’Connor v. First
Court of Appeals, 837 S.W.2d 94, 96 (Tex. 1992) (orig. proceeding). 
DISCUSSION
          Photographing and broadcasting of court proceedings is governed by Rule of
Civil Procedure 18c, which provides:
A trial court may permit broadcasting, televising, recording, or
photographing of proceedings in the courtroom only in the following
circumstances:
 
(a) in accordance with guidelines promulgated by the Supreme Court for
civil cases, or
(b) when broadcasting, televising, recording, or photographing will not
unduly distract participants or impair the dignity of the proceedings and
the parties have consented, and consent to being depicted or recorded
is obtained from each witness whose testimony will be broadcast,
televised, or photographed, or
(c) the broadcasting, televising, recording, or photographing of
investiture, or ceremonial proceedings. 
 
Tex. R. Civ. P. 18c. (Emphasis added). Under Rule 18c, therefore,
photographing and broadcasting of court proceedings is not allowed, unless
certain conditions are met. See id. 
          None of the conditions for allowing the photographing and broadcasting of
court proceedings have been met here. Under 18c(a), the photographing and
broadcasting of court proceedings is allowed when done “in accordance with
guidelines promulgated by the Supreme Court for civil cases.” Id. That condition has
not been met here because the Supreme Court has not published rules for the
photographing and broadcasting of court proceedings for Galveston County courts. 
The trial court’s order recognized the absence of these guidelines when it noted that
“the Texas Supreme Court has not published rules for all civil trial courts in Texas
to abide by when broadcasting or photographing trials.”
          In allowing the broadcasting and photographing of the trial despite the absence
of the required Supreme Court guidelines, the Galveston County trial court referred
to rules adopted in neighboring Harris County. In Harris County, courts have local,
standing rules that have been approved by the supreme court that govern the
broadcasting and televising of civil trials. See Rules of the Civil Trial Division of the
Harris County District Courts 15.3 (“RECORDING AND BROADCASTING OF
COURT PROCEEDINGS. Recording or broadcasting court proceedings in the Civil
Trial Division is governed by uniform rules adopted by the judges of the Civil Trial
Division.”) and Electronic Media Rules of the Harris County District Courts Civil
Trial Division. Those rules, however, apply only to Harris County courts. See Tex.
R. Civ. P. 3a. Rule of Procedure 3a governs local rules and provides, with certain
limitations, that “each administrative judicial region, district court, county court,
county court at law, and probate court may make and amend local rules governing
practice before such courts . . . .” Id. (Emphasis added). The Harris County local rules
do not apply to Galveston County courts and, therefore, cannot serve as supreme court
guidelines for the photographing and broadcasting of Galveston County trial
proceedings.


 Tex. R. Civ. P. 18c(a). 
           In the absence of supreme court guidelines, broadcasting and photographing of
proceedings can be done by consent or when the subject matter is an investiture or
ceremonial proceeding. Tex. R. Civ. P. 18c(b), (c). But neither of these exceptions
apply here. BP objected to the televising, broadcasting, recording, or photographing
of the trial. The court’s order does not comply with Rule of Civil Procedure 18c.            The trial court had a non-discretionary duty to deny the request to televise,
broadcast, record, or photograph the trial proceedings. The court refused to do so. 
Accordingly, we find mandamus relief appropriate in this case. See O’Connor, 837
S.W.2d at 96. 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
CONCLUSIONWe hold that the trial court abused its discretion by ordering the photographing
and broadcasting of the trial proceedings because the trial court’s order fails to
comply with the requirements of Rule 18c of the Rules of Civil Procedure. See Tex.
R. Civ. P. 18c. We conditionally grant the petition for writ of mandamus, and we
direct the court to vacate its October 19, 2006 order allowing the trial to be televised
and photographed. We are confident that the court will promptly comply, and our
writ will issue only if it does not. 
          We order the temporary stay granted in this case on October 30, 2006 lifted.
 
 
 
 
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack, and Justices Alcala and Higley.