NO. 07-07-0014-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 31, 2007
_____

IN RE JOHANSON LEE WATSON,

Relator
_____

***Original Proceeding***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before this court is the petition of Johanson Lee Watson for writ of mandamus. The document is somewhat vague; so, we will construe it in a liberal manner. In so construing it, we see that he wants us to order the "Judge of the 46th Judicial District Court of Wilbarger County Texas" (district court) "to act on the pending motion." We deny the writ for several reasons.

First, the nature of the motion goes unexplained, though Watson periodically refers to an application for writ of habeas corpus. Nor has he provided us with an appendix containing the "motion" at issue or any other documents pertinent to his request for mandamus relief. The rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix. Tex. R. App. P. 52.3(j). The latter must include, among other things, a "certified or sworn copy of . . . [the] document showing the matter complained of." Watson has not complied with this rule.

Second, a trial court cannot be found to have abused its discretion until the complainant establishes that it 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992). To the extent that Watson complains of the trial court's failure to set aside his conviction, application of the foregoing rule would necessarily require him to illustrate that the trial court was aware of his request for and refused same. This he did not do. Moreover, the same analysis applies to any motion pending before the trial court filed by Watson. He has failed to illustrate that any of his motions have been presented to the trial court or that the court has refused to rule.

Accordingly, the petition for writ of mandamus is denied.


Brian Quinn
Chief Justice

2