Dissenting Opinion On Denial of Motion for En Banc Rehearing filed May
10, 2007













 

Dissenting
Opinion On Denial of Motion for En Banc Rehearing
filed May 10, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01031-CV

 

______________________

 

IN THE INTEREST OF J.A.J.

 





 

On Appeal from the 314th
District Court

Harris County,
Texas

Trial Court Cause No. 03-08998J

 





 

D I S S E
N T I N G   O P I N I O N  ON  D E N I A L  O F M O T I O
N   F O R  

E N  B
A N C  R E H E A R I N G

 

En banc review of
this case is necessary to secure and maintain the uniformity of this court=s decisions. 
See Tex R. App. p. 41.2.  An intermediate court of appeals is a
unitary body, even if, as is true of the Fourteenth Court of Appeals, the court
normally sits in three-justice panels that do not include all of the court=s justices.  See
O=Connor v. First
Court of Appeals, 837 S.W.2d 94, 96 (Tex.
1992) (orig. proceeding).  The decision of any such three-member panel
constitutes the decision of the whole court of appeals.  See id. 
If one panel of this court reaches a holding that is contrary to the holding of
a prior panel, then this court has spoken inconsistently.  See id. 
To remedy this undesirable and problematic situation, the appellate rules
provide for en banc review to secure or maintain the uniformity of an
intermediate appellate court=s decisions.  See id. 


 

Texas Rule of
Appellate Procedure 41.2 governs the decision to grant a motion for rehearing
by the en banc court:

En banc
consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court=s decisions or
unless extraordinary circumstances require en banc consideration.  

Tex. R. App. P. 41.2(c). The Department of
Family and Protective Services asserts in its motion for en banc rehearing that
en banc review is necessary in this case to secure or maintain the uniformity
of this court=s decisions because the panel=s opinion is
contrary to other identified decisions in which this court has ruled the
opposite way on one of the issues in the case.

         
In  J. R. I, this court held that
the evidence at trial was legally insufficient to support termination of the
mother=s parental rights
and, on this basis, reversed the trial court=s judgment.  See
In re J. R., 171 S.W.3d 558, 579 (Tex.
App.CHouston [14th Dist.]
2005, no pet.).  Although this court reversed as to termination of the
mother=s parental rights,  this court did not reverse the part of the trial
court=s judgment
appointing the Department as sole managing conservator of the mother=s children.  See
id.  This court stated that it did not reverse this conservatorship determination because the mother had not
challenged this part of the trial court=s judgment on
appeal.  See id.  

 

Slightly more than
a year later, this court issued the panel opinion in the case at hand. See
In re J. A. J., No. 14-04-01031-CV, 2006 WL 2291175, CS.W.3dC, (Tex. App.CHouston [14th Dist.] Aug.
10, 2006, no pet. h.).  Coincidentally,
this case involves an appeal from the same district court as in J. R. I,
and though the parent is different, the  attorneys
representing the appellant mother and the appellee
Department are also the same.  See In re J. A. J., 2006 WL 2291175,
at *1; In re J. R., 171 S.W.3d at 558.  As in J.
R. I, this court determined that there was legally
insufficient evidence to support the termination of the mother=s parental
rights.  See In re J. A. J., 2006 WL 2291175, at *7; In re J. R.,
171 S.W.3d at 579.   As in J. R. I,
the mother did not challenge on appeal the part of the trial court=s judgment
appointing the Department as sole managing conservator of the mother=s children.  See
In re J. A. J., 2006 WL 2291175, at *1; In re J. R., 171 S.W.3d at
579.  However, despite this failure to assign error as to the trial court=s conservatorship determination, in J. A. J., this
court reversed the part of the trial court=s judgment
appointing the Department as sole managing conservator of the mother=s child.  See
In re J. A. J., 2006 WL 2291175, at *8.  In a
context indistinguishable from that in J. R. I, this court
has reached a holding that is the exact opposite of this court=s holding in J.
R. I.  See In re J. A. J., 2006 WL 2291175, at *8; In re J.
R., 171 S.W.3d at 579.   

In the same
context, the Second Court of Appeals has reached the same holding as this court=s holding in J.
R. I.  See In re  E. A. W. S., No. 2-06-00031-CV, 2006
WL  3525367, at *18 & n.55 (Tex. App.CFort
Worth Dec. 7, 2006, pet. denied) (mem. op.). 
With one justice dissenting, the First Court of Appeals recently reached the
same holding as this court=s holding in J. A. J.  See
Colbert v. Dep=t of Family &
Prot. Servs., Nos. 01-04-01232-CV, 01-04-01233-CV,
01-05-00124-CV, 01-05-00126-CV, 01-05-00127-CV, 2006 WL 3752371, at *15B16, C S.W.3d C, C (Tex. App.CHouston
[1st Dist.] Dec. 21, 2006, no pet. h.); Colbert,
2006 WL 3752371, at *16B17 (Jennings,
J., concurring and dissenting). A motion for en banc consideration is currently
pending before the First Court of Appeals in that case. Furthermore, in an
appeal following remand in J. R. I, this court has recently restated its
agreement with its holding in  J. R. I
and noted its disagreement with the First Court of Appeals=s holding in Colbert. 
See In re J. R., No. 14-05-01216-CV, 2007 WL 1054050, at *2, n.4, C S.W.3d C, C (Tex. App.CHouston [14th Dist.] Apr.
10, 2007, no pet. h.).  Clearly, the issue
is a recurring one.  Moreover, the issue concerns a matter of the utmost
importance C the conservatorship of
children.

One might disagree
with this court=s holding in J. R. I or one might
disagree with this court=s holding in J. A. J., but it is difficult
to disagree with the conclusion that there is a conflict between these two
holdings and therefore a lack of uniformity in this court=s decisions. 


 

Though en banc
consideration of a case is not favored, it is appropriate and necessary in this
case not only to resolve the undeniable conflict so that this court may speak
with one voice on this important issue, but also because the issue is likely to
recur frequently.  The court=s failure to
resolve the issue now will only prolong the confusion and uncertainty.  

For all of these
reasons,  this court should grant en banc
review.  Because it does not, I respectfully dissent from this court=s denial of the
Department=s motion for en banc rehearing.

 

 

 

 

 

/s/        Kem
Thompson Frost

Justice

 

Dissenting Opinion on Denial of Motion for En Banc
Rehearing filed May 10, 2007. 

 

(Chief Justice Hedges and Justices Yates, Anderson, Hudson,
and Mirabal[1]
vote to deny the  motion; Justices Fowler, Edelman, Seymore,
and Guzman join this dissenting opinion). 

 

 

 

 














[1]  Senior Justice Margaret G. Mirabal sitting by assignment.