NO. 07-10-00059-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 3, 2010

IN RE KENNETH HICKMAN-BEY, RELATOR

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORDER**

Relator Kenneth Hickman-Bey has filed a petition for writ of mandamus complaining that the respondent district judge, the Honorable Ron Enns, judge of the 69th District Court of Hartley County, has not ruled on several motions he filed.[1] According to his petition, relator filed the motions in his pending civil case in that court, Cause No. 4249H.[2] In the petition, relator states he has "written numerous communications to the court seeking to prosecute this case." Relator attached two documents to the petition. The first is a letter dated October 23, 2009, purportedly from relator to respondent, requesting the hearing of a motion for partial summary judgment.

---

[1] According to relator, the matters awaiting disposition are his motion for non-joinder, motion for teleconference, motion to compel production, petition for writ of mandamus, request for hearing, and motion for partial summary judgment.

[2] *See Hickman-Bey v. Tex. Dep't of Crim. Justice-C.I.D.,* No. 07-09-0068-CV, 2009 Tex. App. Lexis 5627 (Tex.App.--Amarillo July 22, 2009, no pet.) (mem. op.) (dismissing prior appeal in same case).

The second is a letter dated August 21, 2008, purportedly from relator to the district clerk, requesting disposition of a motion for summary judgment and the court's attention of a petition for writ of mandamus.

Our consideration of relator's petition proceeds no further than review of its form. In important respects, relator's petition does not comply with the Texas Rules of Appellate Procedure. The petition does not include certification that every factual statement in the petition is supported by competent evidence in the appendix or record. Tex. R. App. P. 52.3(j). Also, although the 2008 letter to the district clerk bears a file-stamp, neither of the documents attached to the petition are certified or sworn. Tex. R. App. P. 52.3(k)(1)(A). Moreover, the petition does not include sworn copies of the motions relator says are pending. Because of these defects of form, relator's petition does not establish even that the matters of which he complains have been brought to Judge Enns's attention. Before mandamus relief may issue, the relator must properly establish that the district court was asked to perform a non-discretionary legal duty and failed or refused to do so. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding). For this reason alone, relator's petition must be, and is, denied.

Accompanying relator's petition is a motion to suspend Rule of Appellate Procedure 9.3(a)(1)(A) and allow relator to file but one copy of his petition. Relator is a prison inmate appearing *pro se* and *in forma pauperis.* The motion to suspend Rule 9.3(a)(1)(A) is granted to the extent we have accepted for filing the original copy of

2

relator's petition and do not require submission of three additional copies as otherwise required.[3]

It is so ordered.

Per Curiam

---

[3] Attached to the motion is a certificate of service stating that relator served respondent and counsel for the real parties in interest with a copy of his petition.