

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00311-CR

FRED EARL INGERSON, III                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
TRIAL COURT NO. CR11514

----------

## DISSENTING OPINION
## FROM OPINION AND ORDER DENYING
## MOTION TO HEAR APPEAL EN BANC[1]

----------

Pursuant to this court's internal operating rules, I moved that the court hear

this appeal en banc. A majority of the court voted against the motion for en banc

submission. I dissent from this court's opinion and order denying the motion for

---

[1]Neither this court's opinion and order denying hearing of this appeal en banc nor this dissenting opinion should be construed as indicative of a particular ruling by this court on any potential State's motion for rehearing en banc.

en banc submission. *See* Tex. R. App. P. 47.5 (authorizing any justice to file an opinion in connection with the denial of a hearing en banc); *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). I believe that en banc submission of this appeal is unavoidable and that the prudent course would have been to grant en banc submission on the court's own motion prior to the issuance of the panel's opinion today.

This appeal was submitted to the court with oral argument on May 21, 2013, to a panel of justices consisting of Justices Lee Ann Dauphinot, Bob McCoy, and Bill Meier. Justice McCoy retired from the court on December 31, 2015. Therefore, the panel deciding this appeal today consists of only two justices, Justices Dauphinot and Meier. *See* Tex. R. App. P. 41.1(b) (providing that if after argument a member of the panel cannot participate in deciding the case, the case may be decided by the two remaining justices). Our court consists of seven justices, and only two of them have reached the decision that the evidence presented to the jury is insufficient to support Mr. Ingerson's murder conviction and have joined in today's judgment acquitting Mr. Ingerson. Consequently, I believe that a State's motion for en banc rehearing is inevitable and that we will ultimately be required to consider this appeal en banc in any event.

To me, the more judicious course would have been to hear this appeal en banc prior to the issuance of today's two-justice panel opinion. By doing so, we would have avoided the possibility that the outcome of this appeal will change on

en banc submission from a judgment of acquittal to an affirmance of the trial court's judgment and the possibility of an additional time delay associated with the drafting of a new majority opinion en banc. We would have spared the families of the victims, Mr. Ingerson, and Mr. Ingerson's family, the possible emotional toll of having Mr. Ingerson released on bail after today only to be later reincarcerated for life in accordance with his sentence.[2] And we would have finally decided this appeal without the possibility of yet further delay due to the anomaly of upcoming changes in the composition of this court.[3] For these reasons, I moved the court to hear this appeal en banc.

---

[2]See Tex. Code Crim. Proc. Ann. art. 44.04(h) (West Supp. 2016) (providing that "[i]f a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review").

[3]Two of the justices on our court, Justice Dauphinot and Justice Gardner, will be retiring from the court effective December 31, 2016; a new justice will be elected to Justice Gardner's seat; and Justice Dauphinot's seat will be filled by an appointment. If any State's motion for en banc rehearing is not decided prior to December 31, 2016—as would be likely if a new majority opinion must be drafted—the new justice(s) on our court will be required to vote on the State's motion as part of the en banc court. See Tex. R. App. P. 41.2(a).

Yet, a majority of the court voted to deny the motion seeking en banc submission of this appeal. I therefore dissent from this court's opinion and order denying the motion for hearing of this appeal by the court en banc. *See* Tex. R. App. P. 47.5.

/s/ Sue Walker
SUE WALKER
JUSTICE

LIVINGSTON, C.J.; and GABRIEL, J., join.

PUBLISH

DELIVERED: October 27, 2016