**Opinion issued January 26, 2021**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-20-00807-CR**

———————————

**IN RE DEVIN PAUL COLE, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator, Devin Paul Cole, incarcerated and acting pro se, has filed a petition for writ of mandamus, requesting that this Court order respondent, the Honorable Abigail Anastasio, to "enter a [f]inding of [p]rosecutorial [m]isconduct" against three Harris County assistant district attorneys, to declare a mistrial, "to [o]rder [p]rosecutors to [p]roduce and [d]isclose the [g]rand [j]ury [t]ranscripts" and other materials, to "[d]ismiss th[e] [p]rosecution and [i]ndictment with [p]rejudice," and

to "enter[] a [d]eclaration of [a]ctual [i]nnocence and [o]rder[] [r]elator[']s release from the Harris County Jail—[i]mmediately." Relator also requests that this Court direct Harris County District Attorney Kim Ogg and two assistant Harris County district attorneys to "[d]ismiss th[e] [p]rosecution and [i]ndictment" and that the Court "[i]ssue an [o]rder [d]eclaring a [m]istrial [d]ue to [p]rosecutorial [m]isconduct" for the State's purported withholding of the complainant's alleged criminal history and "[e]xculpatory – [i]mpeachment [e]vidence" from the Harris County Grand Jury. Finally, relator requests that this Court issue an order "[s]pecifically finding [that] he [h]as [b]een [d]enied a [f]air and [i]mpartial [t]rial and a [f]inding of a [m]alicious [p]rosecution, [o]fficial [o]ppression and [a]buse of [o]fficial [c]apacity."

We deny the petition for writ of mandamus.[1]

First, we note that relator's petition does not comply with the requirements enumerated in the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.4; 52.3(a)–(d), (g), (h), (k); *see also* TEX. R. APP. P 52.7. Further, relator's appendix, attached to his petition for writ of mandamus, does not satisfy the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(k)(1) (requiring original proceedings to be filed with appendix that contains "a certified or sworn copy of

---

[1] The underlying case is *State of Texas v. Devin Paul Cole*, Cause No. 1666250, pending in the 184th District Court of Harris County, Texas, the Honorable Abigail Anastasio presiding.

2

any order complained of, or any other document showing the matter complained of"); TEX. R. APP. P. 52.7(a) (requiring relator to file with his petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Most of the documents attached to relator's petition are unsworn, and there is no indication that relator filed, in the trial court, the motions for which he now seeks mandamus relief. In the absence of an adequate appendix and mandamus record, this Court cannot evaluate the merits of relator's petition. *See In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783, at *1 (Tex. App.—Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication) ("Without an appendix and a record, we are unable to determine that [r]elator is entitled to mandamus relief.").

Second, there is no showing that the trial court refused to rule on any motion or request for the relief that relator seeks in this Court. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (to obtain mandamus relief, relator must show trial court had legal duty to perform non-discretionary act, relator made demand for performance, and trial court refused). Although relator's appendix, attached to his petition for writ of mandamus, includes a "[m]otion to [d]ismiss [p]rosecution and [i]ndictment [d]ue to [s]erious [c]redibility [i]ssues with [c]omplaint" and a "[m]otion and [a]pplication for [s]ubpoena to [p]roduce [g]rand [j]ury [t]ranscript[s], [g]rand [j]ury [m]inute[s], [m]aterial[s], [a]udio and

3

[v]ideo [r]ecording[s] and the [n]ame[s] and [i]nformation" of all the grand jurors involved in his case, there is no indication that either motion was filed or brought to the trial court's attention. The appendix also includes a letter that relator sent to his attorney. The letter references a motion to compel an in-camera hearing to review evidence in the State's possession, but the motion itself is not included in the appendix attached to relator's petition. And there is no indication that such a motion was filed or brought to the trial court's attention. This Court cannot order the trial court to rule on any of the aforementioned motions, and this Court does not have the authority to declare sua sponte a mistrial due to prosecutorial misconduct or to issue an order finding that relator was denied a fair trial or that malicious prosecution, official oppression, or abuse of official capacity occurred.

Finally, this Court lacks authority to issue a writ of mandamus against a district attorney or assistant district attorneys. *Garner v. Gately*, 909 S.W.2d 61, 62 (Tex. App.—Waco 1995, orig. proceeding); *see also In re Mays*, No. 11-14-00310-CR, 2014 WL 6603371, at \*1 (Tex. App.—Eastland Nov. 20, 2014, orig. proceeding) (mem. op., not designated for publication). This Court only has jurisdiction to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b).

Accordingly, we deny relator's petition for writ of mandamus. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Hightower, Countiss, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).