

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00342-CR

IN RE FABIAN ARGUIJO, RELATOR

ORIGINAL PROCEEDING

November 18, 2022

# MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Relator, Fabian Arguijo, a prison inmate appearing pro se and *in forma pauperis*, filed a one-page document requesting we issue a writ of mandamus[1] against an unnamed respondent.[2] Specifically, Relator seeks an order compelling the respondent, presumably

---

[1] It is the burden of a relator seeking a writ of mandamus in a criminal case to properly show the trial court violated a ministerial duty and the nonexistence of an adequate remedy at law. *In re State ex rel. Weeks,* 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). The required violation of a ministerial duty means the relator has "a clear right to the relief sought—that is to say, when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Simon v. Levario,* 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding) (cleaned up). "In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate." *Smith v. Flack,* 728 S.W.2d 784, 792 (Tex. Crim. App. 1987) (orig. proceeding).

[2] We have jurisdiction over mandamus proceedings against an individual judicial officer. *In re Pippin,* No. 07-10-00373-CV, 2010 Tex. App. LEXIS 8331, at *2 (Tex. App.—Amarillo Oct. 15, 2010, orig. proceeding) (mem. op.). The petition must identify the judge against whom relief is sought. *In re Dobbs,* No. 07-20-00343-CV, 2021 Tex. App. LEXIS 8, at *1–2 (Tex. App.—Amarillo Jan. 4, 2021, orig. proceeding) (mem. op.).

a judge, to rule on a motion for judgment nunc pro tunc he filed in the 222nd District Court of Deaf Smith County.[3]  Relator claims he seeks "jail time credits" and relief from any obligation to repay court-appointed attorney's fees.

We deny Relator's request for mandamus relief.  Not only does the petition fail to conform with the form and contents requirements of a petition for writ of mandamus specified by Texas Rule of Appellate Procedure 52.3, but its contents fail to identify a judge against whom relief is sought, identify any ministerial duty, show why Relator lacks an adequate remedy at law, or support his arguments with record documents.  TEX. R. APP. P. 52.2, 52.3(a),(d)(2), 52.7.  We therefore deny Relator's petition.

Per Curiam

Do not publish.

---

[3] When a relator seeks a writ of mandamus ordering a trial court to rule on a pending motion, the relator must establish that 1) the trial court had a legal duty to perform a nondiscretionary act, 2) performance was demanded, and 3) the court refused to act.  *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Goodson,* No. 07-18-00114-CV, 2018 Tex. App. LEXIS 3175, at *1–2 (Tex. App.—Amarillo May 4, 2018, orig. proceeding) (mem. op.).  A trial court cannot be expected to consider a request for relief not called to its attention.  *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).