In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00413-CV**
_____

**IN RE SCOTT MITCHELL OBEGINSKI**

**Original Proceeding
284th District Court of Montgomery County, Texas
Trial Cause No. 24-11-18234**

**MEMORANDUM OPINION**

Scott Mitchell Obeginski filed a petition for a writ of mandamus and a motion for temporary relief. *See* Tex. R. App. P. 52. We temporarily stayed execution on the writ of possession and requested a response from the Real Parties in Interest. *See id*. 52.10(b). Joshua Want Real Estate filed a response and asked this Court to impose sanctions. *See id.* 52.11. We lift our temporary order dated October 24, 2025, and we deny the petition for a writ of mandamus.

The trial court signed a final judgment on October 17, 2025. Among other relief granted in the judgment and not at issue in this mandamus proceeding, the trial

1

court ordered that Joshua Want Real Estate Group, LLC shall have a writ of possession to the property at issue in the suit. On October 22, 2025, Obeginski filed a motion to quash the writ of possession. The trial court did not rule on the motion, and the District Clerk issued a writ of possession that day. Obeginski filed supplemental motions in which he argued that execution on a writ of possession could not occur before November 17, and that the writ of possession and the abstract of judgment are void because they issued on behalf of a non-existent entity.

On October 24, 2025, the trial court held a hearing on Obeginski's motion and supplemental motions to quash the writ of possession. Obeginski neither presented his motions to the trial court nor asked the trial court to rule on his motions. He offered no evidence to support his motions.

In his petition for a writ of mandamus, Obeginski argues the trial court has a ministerial duty to quash a writ of possession (1) issued less than thirty days after the date of judgment, and (2) issued on a request from a non-existent legal entity. Obeginski argues an appeal is not an adequate remedy.

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "In determining whether a trial court abused its discretion, a reviewing court is generally

2

bound by the record before the trial court at the time its decision was made." *In re M-I L.L.C.*, 505 S.W.3d 569, 574 (Tex. 2016) (orig. proceeding). "Mandamus will issue when there is a legal duty to perform a non-discretionary act, a demand for performance, and a refusal." *O'Connor v. First Ct. of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding) (citation omitted).

The trial court gave Obeginski an opportunity to present evidence to support his motions, present argument, and request a ruling. He failed to do so.[1] Moreover, more than thirty days have passed since the trial court signed the judgment. Any claim relating to a bar on the execution of the judgment is moot.

We conclude that the relator has not established an abuse of discretion by the trial court. We lift our stay order dated October 24, 2025, and we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a). We decline the request to impose sanctions. *See id*. 52.11.

PETITION DENIED.

PER CURIAM

Submitted on November 3, 2025
Opinion Delivered November 20, 2025

Before Golemon, C.J., Wright and Chambers, JJ.

---

[1]The hearing largely consisted of Obeginski's attempt to explain evident misrepresentations to this Court. Regardless, the trial court held the hearing, and Obeginski did not ask the trial court to rule on his motions.

3