



## MEMORANDUM OPINION

No. 04-08-00481-CR

**IN RE Jesse MENDEZ**

Original Mandamus Proceedings[1]

PER CURIAM

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice

Delivered and Filed:  July 23, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

On July 8, 2008, relator filed a petition for writ of mandamus, asking this court to order the trial court to set aside, with prejudice, all pending criminal felony indictments due to excessive delay and denial of his right to speedy trial.  Mr. Scott McCrum has been appointed to represent relator in the trial court. We conclude that appointed counsel for relator is also his counsel for an original proceeding on the issues presented.

A trial court cannot be found to have abused its discretion until the complainant establishes that the court (1) had a legal duty to perform a non-discretionary act, (2) was asked to perform the act, and (3) failed or refused to do so.  *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st  Dist.] 1992, orig. proceeding).  When a motion is properly filed and pending before a trial court, the act of considering

---

[1] This proceeding arises out of Cause Nos. 2006-CR-3125, 2006-CR-3128B, 2006-CR-6116, and 2006-CR-6117A, styled *State of Texas v. Jesse Mendez*, pending in the 144th Judicial District Court, Bexar County, Texas, the Honorable Catherine Torres-Stahl presiding.

and ruling upon that motion is a ministerial act. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Relator, in this case, has failed to provide evidence that he filed a motion with the court or that the trial court failed or refused to rule on such motion. Moreover, Respondent has no duty to rule on relator's pro se requests because relator is represented by appointed counsel, and relator is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). Consequently, the respondent did not violate relator's rights. Therefore, this court has determined that relator is not entitled to the relief sought, and the petition is DENIED. TEX. R. APP. P. 52.8(a).

Relator is encouraged to refrain from filing further pro se petitions regarding his pending criminal proceedings.

PER CURIAM

DO NOT PUBLISH