Petition for Writ of Mandamus Denied, and Memorandum Opinion filed
September 30, 2008








 

Petition
for Writ of Mandamus Denied, and Memorandum Opinion filed September 30, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00744 -CV

____________

 

IN RE EDWIN J. PETERS, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M  O P I N I O N








On
August 7, 2008, relator Edwin J. Peters filed a petition for writ of mandamus,
requesting that we order the respondent trial judge to rule on relator=s Motion to Enter Judgment Nunc Pro
Tunc.  No sworn record has been filed, see Tex. R. App. P. 52.7, and
relator has failed to demonstrate service of his mandamus petition upon the
respondent[1] or real party
in interest.  See Tex. R. App. P. 9.5; In re Williams, No.
01-03-00401-CV, 2003 WL 1989679, at *1 (Tex. App.CHouston [1st Dist.] May 1, 2003,
orig. proceeding) (mem. op.) (denying mandamus petition for failure to demonstrate
service of petition upon respondent).  We deny the petition for writ of
mandamus.

When a
motion is properly filed and presented to a trial court for ruling, the act of
considering and ruling upon that motion is not a discretionary act, and mandamus
may issue to compel the trial court to act.  Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.CSan Antonio 1997, orig. proceeding).  However, a trial court
cannot be said to have abused its discretion until the relator establishes that
the court was asked to rule, had a duty to rule, and failed or refused to do
so.  See In re Chavez, 62 S.W.3d 225, 228 (Tex. App.CAmarillo 2001, orig. proceeding); O=Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992)
(orig. proceeding).  Accordingly, relator carries the burden of demonstrating
that the trial court was aware of his motion and yet refused to rule within a
reasonable time.  See Chavez, 62 S.W.3d at 228.

According
to relator, the unsworn, uncertified papers attached to his mandamus petition
demonstrate that his Motion for Judgment Nunc Pro Tunc was filed on February
25, 2008.  The attached paperwork bears no file stamp, however, and is
addressed to the Harris County District Clerk.  Were we to assume that relator=s motion was in fact received by the
district clerk, we still are unaware of any rule that imputes the district
clerk=s knowledge to the trial judge.  See
id.  Thus, the unsworn mandamus record provided to us, even taken as true,
does not demonstrate that relator=s motion was presented to the trial
court for ruling at the time it is said to have been filed.








Relator
has also enclosed correspondence from the Harris County District Clerk
indicating that relator=s motion was presented to the trial court on July 1, 2008,
but was not ruled-upon at that time.  A trial court has a reasonable time
within which to rule on a properly-pending motion.  See id.  No bright
line outlines the boundaries of what may be considered reasonable.  See id. 
Instead, whether the judge has acted within a reasonable time depends upon the
particular circumstances of the case and rests upon a Amyriad of criteria,@ including the state of the court=s docket and the existence of other
matters which must be addressed first.  See id. at 228B29.  

It is
relator=s obligation to provide us with
evidence against which we may test the reasonableness of the trial court=s alleged delay.  See id. at
229.  Absent such evidence, we cannot conclude that the trial court abused its
discretion by not addressing relator=s motion in the time period between
July 1, the date the motion was apparently presented to the trial court, and
August 7, the date relator filed his petition for writ of mandamus.

Accordingly,
we deny the petition for writ of mandamus.

PER CURIAM

Petition Denied, and
Memorandum Opinion filed, September 30, 2008.

Panel consists of
Justices Anderson and Frost, and Senior Justice Hudson.*









            [1]           Relator
mis-identifies the respondent as the Honorable Joan Huffman who, in 2005,
resigned as the presiding judge of the 183rd District Court of Harris County,
Texas.  The Honorable Vanessa Velasquez now presides over the 183rd District
Court.





            *           Senior
Justice Hudson sitting by assignment.