NO. 07-08-0416-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 21, 2008
_____

IN RE BARRY DWAYNE MINNFEE,

Relator
_____

***ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.,

Pending before this court is the application of Barry Dwayne Minnfee for a writ of mandamus. He requests that we compel "[the] trial court to determine was [sic] indigent and if so appoint an attorney to represent [Minnfee] on this motion for forensic DNA testing," among other things. We deny the application for the reasons that follow.

First, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a certified or sworn copy of the document showing the matter complained of. In this case, the document showing the matter complained of would be the motion requesting DNA testing and the need for appointed counsel. This Minnfee failed to do.

Second, nothing of record indicates that the motion for DNA testing and request for appointed counsel was brought to the attention of the district court. Simply put, before

mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Given this, it is encumbent upon Minnfee to illustrate that the district court received and was aware of his motion.[1] This is so because a court cannot be faulted for doing nothing when it is or was unaware of the need to act. Here, Minnfee states in his petition that he "directed" the motion to the district court on June 9, 2008, but whether the court was ever made aware of it is unknown. Lacking that information, we cannot simply assume that the district court knew of its duty to act and neglected to perform it. Thus, Minnfee has not fulfilled his burden to illustrate that the trial court refused to act.

Accordingly, the application for writ of mandamus pending before this court is denied.


Per Curiam

---

[1]Filing something with the district clerk does not mean the trial court knows of it. Nor is that clerk's knowledge imputed to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Thus, Minnfee must prove that the trial court received notice of the pleading. *Id.* Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement. *Id.*