NO. 07-10-00059-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 

 MARCH 3, 2010



 



 

IN RE KENNETH HICKMAN-BEY, RELATOR



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER

 

 

Relator Kenneth Hickman-Bey
has filed a petition for writ of mandamus complaining that the respondent
district judge, the Honorable Ron Enns, judge of the
69th District Court of Hartley County, has not ruled on several motions he
filed.[1]  According to his petition, relator filed the motions in his pending civil case in that
court, Cause No. 4249H.[2]
In the petition, relator states he has “written
numerous communications to the court seeking to prosecute this case.”  Relator attached
two documents to the petition. The first is a letter dated October 23, 2009,
purportedly from relator to respondent, requesting
the hearing of a motion for partial summary judgment.  The second is a letter dated August 21, 2008,
purportedly from relator to the district clerk, requesting
disposition of a motion for summary judgment and the court’s attention of a
petition for writ of mandamus.  

            Our
consideration of relator’s petition proceeds no
further than review of its form. In important respects, relator’s
petition does not comply with the Texas Rules of Appellate Procedure.  The petition does not include certification
that every factual statement in the petition is supported by competent evidence
in the appendix or record.  Tex. R. App. P. 52.3(j). 
Also, although the 2008 letter to the district clerk bears a file-stamp,
neither of the documents attached to the petition are certified or sworn.  Tex. R. App. P. 52.3(k)(1)(A).  Moreover, the petition does not include sworn
copies of the motions relator says are pending.  Because of these defects of form, relator’s petition does not establish even that the matters
of which he complains have been brought to Judge Enns’s
attention.  Before mandamus relief may
issue, the relator must properly establish that the
district court was asked to perform a non-discretionary legal duty and failed
or refused to do so.  O’Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992) (orig.
proceeding); In re Chavez, 62 S.W.3d
225, 228 (Tex.App.--Amarillo 2001, orig.
proceeding).  For this reason alone, relator’s petition must be, and is, denied.  

            Accompanying
relator’s petition is a motion to suspend Rule of
Appellate Procedure 9.3(a)(1)(A) and allow relator to file but one copy of his petition.  Relator is a prison
inmate appearing pro se and in forma pauperis.  The motion to suspend Rule 9.3(a)(1)(A) is
granted to the extent we have accepted for filing the original copy of relator’s petition and do not require submission of three
additional copies as otherwise required.[3]

            It is so
ordered.

                                                                                                Per Curiam











[1] According to relator, the
matters awaiting disposition are his motion for non-joinder,
motion for teleconference, motion to compel production, petition for writ of
mandamus, request for hearing, and motion for partial summary judgment.    

 





[2] See Hickman-Bey v. Tex. Dep’t of Crim. Justice-C.I.D., No.
07-09-0068-CV, 2009 Tex. App. Lexis 5627 (Tex.App.--Amarillo
July 22, 2009, no pet.) (mem.
op.) (dismissing prior appeal in same case).





[3]  Attached to
the motion is a certificate of service stating that relator
served respondent and counsel for the real parties in interest with a copy of
his petition.