NO. 07-11-0236-CV

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

JUNE 21, 2011

______________________________

 

 

In re BARRY DWAYNE
MINNFEE,

 

                                                                                                            Relator  

_________________________________

 

ON ORIGINAL
PROCEEDING FOR WRIT OF MANDAMUS

_______________________________

 

Before QUINN, C.J., and
CAMPBELL and HANCOCK, JJ. 

            Pending before this court is the
application of Barry Dwayne Minnfee for a writ of
mandamus.  He requests that we direct
“[the] District Court Judge to act on [sic] Intentional Tort May 23rd
(2011).”  We deny the application for the
reasons that follow.

            First, rules of procedure obligate
one seeking mandamus relief to accompany his petition with an appendix.  Tex. R. App. P. 52.3(j).  The latter must include, among other things,
a certified or sworn copy of the document showing the matter complained
of.  In this case, the document showing
the matter complained of would be the document filed with the district court
upon which it is supposed to act.  This Minnfee failed to do. 


            Second, nothing of record indicates
that the document was brought to the attention of the district court.  Simply put, before mandamus relief may issue,
the petitioner must establish that the district court 1) had a legal duty to
perform a non-discretionary act, 2) was asked to perform the act, and 3) failed
or refused to do it.  O’Connor
v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding).  Given this, it is encumbent
upon Minnfee to illustrate that the district court
received and was aware of his request.  This
is so because a court cannot be faulted for doing nothing when it is or was
unaware of the need to act.  Here, Minnfee fails to state in his petition that he has made the
trial court aware of his request. 
Lacking that information, we cannot simply assume that the district
court knew of its duty to act and neglected to perform it.  Thus, Minnfee has
not fulfilled his burden to illustrate that the trial court refused to act.

            Accordingly, the application for
writ of mandamus pending before this court is denied.

 

                                                                        Per
Curiam