NO. 07-11-0236-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 21, 2011
_____

In re BARRY DWAYNE MINNFEE,

                                                    Relator
_____

***ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before this court is the application of Barry Dwayne Minnfee for a writ of mandamus. He requests that we direct "[the] District Court Judge to act on [sic] Intentional Tort May 23rd (2011)." We deny the application for the reasons that follow.

First, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a certified or sworn copy of the document showing the matter complained of. In this case, the document showing the matter complained of would be the document filed with the district court upon which it is supposed to act. This Minnfee failed to do.

Second, nothing of record indicates that the document was brought to the attention of the district court. Simply put, before mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-

discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding).  Given this, it is encumbent upon Minnfee to illustrate that the district court received and was aware of his request.  This is so because a court cannot be faulted for doing nothing when it is or was unaware of the need to act.  Here, Minnfee fails to state in his petition that he has made the trial court aware of his request.  Lacking that information, we cannot simply assume that the district court knew of its duty to act and neglected to perform it.  Thus, Minnfee has not fulfilled his burden to illustrate that the trial court refused to act.

Accordingly, the application for writ of mandamus pending before this court is denied.

Per Curiam