NO. 07-11-0225-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

JULY 28, 2011

___________________________

 

 

In re
CHARLES ANTHONY ALLEN, SR., 

 

                                                                             Relator

___________________________

 

Memorandum
Opinion on Original Proceeding for Writ of Mandamus

__________________________

 

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            Pending
before the court is “Relator’s subsequent application
for writ of mandamus” filed by Charles Anthony Allen, Sr.  Through his first application, he requested
that we order the Honorable Ron Enns, district judge,
69th Judicial District, to “further process Relator’s
Complaint” by forwarding to the “Attorney General[’s] Office [and] counsel for
the defendants in the Relator’s Complaint” both a copy
of his “complaint” and “all other papers.” 
We denied the request in an opinion dated February 2, 2011, because
Allen did not provide us with authority holding that the trial judge had a
ministerial duty to do that which he demanded. 


            Through
the application now before us, he seeks to “present . . . authorities which
renders [sic] jurisdiction to act and provide the Relator
with the relief he seeks.”  So too are we
asked to “compel . . . the Honorable Judge Ron Enns
to perform his ministerial duties in the reviewing and processing” of his
complaint.  That is, he wants us to order
the trial court to “hear and rule upon [his] complaint.”   We, again, deny the petition.

As stated in our February 2nd
opinion, Allen failed to cite us to any authority “obligating a district court
to perform the purported duties of a district clerk, such as mailing pleadings
to the litigants in a pending action.”  In re Allen, No.
07-11-0048-CV, 2011 Tex. App. Lexis
761, at *1-2 (Tex. App.–Amarillo,
February 2, 2011).  Nor did we know of
any such authority.  Id.  Appearing in the document before us are
citations to several cases.  Yet, none
purport to hold that a trial court has a ministerial, non-discretionary duty to
act in the stead of the district clerk, serve citation upon litigants, cause
citation to be served upon litigants, or otherwise endeavor to place Allen’s
documents with the appropriate party. 
And, again, we know of none.

Additionally, nothing before us
tends to illustrate that the claims of Allen are ripe for trial.  Indeed, in responding to the allegations in
the petition for mandamus relief, the trial judge disclosed that “no Defendant
has been served with citation or made an appearance in this cause.”  Clearly, due process would not permit a legal
action to be tried against defendants without those defendants first being
notified of the suit and the claims asserted against them (i.e. served with citation). 

And, to the extent
that authority allows a trial court to convene a hearing, before the service of citation,
to determine whether a prisoner’s petition alleges viable claims, Tex. Civ. Prac. Rem. Code §14.003(c)
(Vernon 2002) (stating that when determining whether Subsection (a) applies,
the court may hold a
hearing and the hearing may
be held before or after service of process, and it may be held on motion of the court, a party, or
the clerk of the court), we are cited to no authority mandating that it hold
such a hearing prior to service of process (emphasis added).  Indeed, it would seem that by incorporating
the permissive word “may” into the statute and specifying that the hearing
“may” be held before or after service of process, the legislature vested the
trial court with the discretion to hold, or not hold, such a hearing before
process is served.  And, because we can
only use a writ a mandamus to direct a trial court to act when the act
effectively is ministerial and non-discretionary in nature, O'Connor v. First Court of Appeals, 837
S.W.2d 94, 97 (Tex. 1992); In re Chavez,
62 S.W.3d 225, 228 (Tex. App.–Amarillo
2001, orig. proceeding), Allen has not shown himself entitled to relief.

Accordingly, the subsequent petition
for writ of mandamus is denied.

 

                                                                                    Per
Curiam