NO. 07-11-0225-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 28, 2011

_____

In re CHARLES ANTHONY ALLEN, SR.,

Relator

_____

***Memorandum Opinion on
Original Proceeding for Writ of
Mandamus***

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pending before the court is "Relator's subsequent application for writ of mandamus" filed by Charles Anthony Allen, Sr. Through his first application, he requested that we order the Honorable Ron Enns, district judge, 69th Judicial District, to "further process Relator's Complaint" by forwarding to the "Attorney General['s] Office [and] counsel for the defendants in the Relator's Complaint" both a copy of his "complaint" and "all other papers." We denied the request in an opinion dated February 2, 2011, because Allen did not provide us with authority holding that the trial judge had a ministerial duty to do that which he demanded.

Through the application now before us, he seeks to "present . . . authorities which renders [sic] jurisdiction to act and provide the Relator with the relief he seeks."

So too are we asked to "compel . . . the Honorable Judge Ron Enns to perform his ministerial duties in the reviewing and processing" of his complaint. That is, he wants us to order the trial court to "hear and rule upon [his] complaint." We, again, deny the petition.

As stated in our February 2nd opinion, Allen failed to cite us to any authority "obligating a district court to perform the purported duties of a district clerk, such as mailing pleadings to the litigants in a pending action." *In re Allen,* No. 07-11-0048-CV, 2011 Tex. App. LEXIS 761, at *1-2 (Tex. App.–Amarillo, February 2, 2011). Nor did we know of any such authority. *Id.* Appearing in the document before us are citations to several cases. Yet, none purport to hold that a trial court has a ministerial, non-discretionary duty to act in the stead of the district clerk, serve citation upon litigants, cause citation to be served upon litigants, or otherwise endeavor to place Allen's documents with the appropriate party. And, again, we know of none.

Additionally, nothing before us tends to illustrate that the claims of Allen are ripe for trial. Indeed, in responding to the allegations in the petition for mandamus relief, the trial judge disclosed that "no Defendant has been served with citation or made an appearance in this cause." Clearly, due process would not permit a legal action to be tried against defendants without those defendants first being notified of the suit and the claims asserted against them (*i.e.* served with citation).

And, to the extent that authority allows a trial court to convene a hearing, *before* the service of citation, to determine whether a prisoner's petition alleges viable claims, TEX. CIV. PRAC. REM. CODE §14.003(c) (Vernon 2002) (stating that when determining whether Subsection (a) applies, the court *may* hold a hearing and the hearing *may* be

2

held before or after service of process, and it *may* be held on motion of the court, a party, or the clerk of the court), we are cited to no authority mandating that it hold such a hearing prior to service of process (emphasis added). Indeed, it would seem that by incorporating the permissive word "may" into the statute and specifying that the hearing "may" be held before or after service of process, the legislature vested the trial court with the discretion to hold, or not hold, such a hearing before process is served. And, because we can only use a writ a mandamus to direct a trial court to act when the act effectively is ministerial and non-discretionary in nature, *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding), Allen has not shown himself entitled to relief.

Accordingly, the subsequent petition for writ of mandamus is denied.


Per Curiam