

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00092-CV

IN RE BOBBIE DEWAYNE GRUBBS, RELATOR

ORIGINAL PROCEEDING

April 5, 2019

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In this original proceeding, relator Bobbie Dewayne Grubbs, a prison inmate appearing pro se, filed a petition seeking a writ of mandamus. It appears relator is the plaintiff in an underlying lawsuit pending in the 181st District Court. Relator's mandamus petition does not name an individual respondent but relief is sought against the "181st Court." We take judicial notice that the presiding judge of the 181st District Court is the Honorable John B. Board. Because of our disposition of this proceeding, we will assume Judge Board is the intended respondent of relator's petition.[1] Relator seeks our order

---

[1] The petition does not contain the required proof of service. *See* TEX. R. APP. P. 9.5(d),(e). We therefore have no indication the respondent and real parties in interest are aware relator initiated this original proceeding.

compelling Judge Board to respond to relator's requests concerning the status of service of process and various motions he apparently has filed in the underlying litigation.

The writ of mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding); *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).

In a mandamus proceeding, it is the relator's burden to demonstrate entitlement to the relief requested. *In re Posey,* No. 07-03-00518-CV, 2004 Tex. App. LEXIS 695, at *1-2 (Tex. App.—Amarillo Jan. 22, 2004, orig. proceeding) (mem. op.). With the petition, the relator must file a record containing a certified or sworn copy of every document that is material to the relator's claim for relief and which was filed in any underlying proceeding. TEX. R. APP. P. 52.7(a). The petition must contain a certification that the relator has reviewed the petition and concluded that each factual statement in the petition is supported by competent evidence included in the appendix or record. TEX. R. APP. P. 52.3(j).

Through a proper mandamus record it was relator's burden to conclusively prove 1) Judge Board had a legal duty to perform a non-discretionary act, 2) performance was demanded, and 3) Judge Board refused to act. *See O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Posey*, 2004 Tex. App. LEXIS 695, at *2 (citing *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex. 1979)). Relator did not present proof of any of these requirements and therefore has made no showing that Judge Board has abused his discretion. Accordingly, relator's petition for writ of

mandamus is denied.  To the extent relator's petition requested additional relief in this court, it also is denied.

James T. Campbell
Justice