NO. 07-11-0487-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 16, 2011
_____

In re REIDIE JAMES JACKSON,

Relator
_____

***ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before this court is the application of Reidie James Jackson for a writ of mandamus. He requests that we issue "a writ of mandamus for Judges Ruben G. Reyes and William C. Sowder (hereinafter referred to as 'Respondent') to hold a hearing on Petitioner's petition for writ of mandamus sent to Respondent's court on Monday September 19, 2011 for that Lubbock County District Clerk refusing to file Petitioner's Original Petition." According to relator, the reason for the refusal to file his petition is because the defendants are unknown. We deny the application for the reasons that follow.

First, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a certified or sworn copy of the document showing the matter complained of. In

this case, the document showing the matter complained of would be the document filed with the district court upon which it is supposed to act. This relator failed to do.

Second, nothing of record indicates that the document was brought to the attention of the district courts. Simply put, before mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Given this, it is encumbent upon relator to illustrate that the district court received and was aware of his request. This is so because a court cannot be faulted for doing nothing when it is or was unaware of the need to act. Here, relator states that he "sent to Respondent's Court on Monday September 19, 2011," however, we cannot simply assume that the district court knew of its duty to act and neglected to perform it. Thus, relator has not fulfilled his burden to illustrate that the trial court refused to act.

Accordingly, the application for writ of mandamus pending before this court is denied.

Per Curiam

2