NO. 07-12-0091-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 29, 2012

_____

In re BARRY DWAYNE MINNFEE,

Relator

_____

*Original Proceeding*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court is Barry Dwayne Minnfee's application for a writ of mandamus. Though much of it is unintelligible, he does state that he filed a motion with the "251st District Judge Ana Estevez," requesting a "Judgment Nunc Pro Tunc" regarding "time credit dispute resolution." Thus, we construe his motion as a request for the recalculation of his prison term through the application of jail time credit, and in so interpreting the petition, we deny it for the following reasons.

We note that nothing of record indicates that the document was brought to the attention of the district court. Simply put, before mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it.

*O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Given this, it is encumbent upon relator to illustrate that the district court received and was aware of his request. This is so because a court cannot be faulted for doing nothing when it is or was unaware of the need to act. Here, relator states that the trial court "refuse[d] to grant the requested credits." However, he has not included in an appendix any order representing the trial court's refusal or any action taken by the trial court or that he has brought the motion to the trial court's attention. Thus, relator has not fulfilled his burden to illustrate that the trial court refused to act.

Accordingly, the application for writ of mandamus pending before this court is denied.

Per Curiam