

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00224-CV
_____

IN RE REIDIE JAMES JACKSON, RELATOR

_____

ORIGINAL PROCEEDING

_____

July 21, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator Reidie James Jackson, appearing pro se, filed a petition asking the Court to issue a writ of mandamus against respondent, the Honorable Ana Estevez, judge of the 251st District Court of Potter County. He seeks an order compelling Judge Estevez to rule on a motion for partial summary judgment brought by real parties in interest and defendants in the trial court, David Ellis and Andrew Gratz. We will deny the petition.

Jackson states in his petition that he filed suit against Ellis and Gratz, they filed a motion for partial summary judgment in October 2015, and he filed a response the next month. Jackson adds that in December 2016 he filed a motion requesting a ruling on the defendants' motion for summary judgment and in May 2017 a letter requesting a ruling on pending motions and a trial setting.

The mandamus record contains a copy of the defendants' motion for summary judgment, Jackson's December 2016 motion, and his May 2017 letter. The motion bears the district clerk's electronic file stamp. Jackson's motion does not contain a file stamp but in an unsworn declaration he states he filed it "with the Clerk, to have it presented to the 251st District[.]" Likewise, the letter does not bear a file stamp but in an unsworn declaration, Jackson states it was "mailed to Judge Estaves (sic) back in May 2017. The Letter was mailed first-class to the Clerk of Potter County." The letter identifies Jackson's lawsuit by name and cause number. The stated recipient and delivery address is: "Hon. Ana Estavez (sic), 251st Courtroom, Amarillo, Tx." The letter requests "a ruling on the motions that have been there and a trial date."

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding); *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion when it fails to rule within a reasonable time on a properly-presented pretrial motion. *Safety-Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

Before a writ of mandamus will issue in circumstances like those presented here, the relator must establish that the trial court 1) had a legal duty to perform a non-discretionary act, 2) performance was demanded, and 3) refused to act. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Posey,* No. 07-03-00518-CV, 2004 Tex. App. Lexis 695, at *2 (Tex. App.—Amarillo Jan. 22,

2004, orig. proceeding) (mem. op.) (citing *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex. 1979)).

A trial court cannot be expected to consider a motion not called to its attention. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Filing a motion with the district clerk does not prove it was brought to the attention of the trial court because the clerk's knowledge of the motion is not imputed to the trial court. *Id.* Therefore, a "[relator] must prove that the trial court received notice of the pleading . . . . Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement." *In re Metoyer,* No. 07-07-00506-CR, 2008 Tex. App. Lexis 243, at *4 n.2, (Tex. App.—Amarillo Jan. 14, 2008, orig. proceeding) (mem. op., not designated for publication) (citations omitted).

The mandamus record does not show Judge Estevez conducted a hearing on the defendants' motion for summary judgment or ordered a date for its submission without hearing. Indeed, nothing before us shows the motion was called to the attention of Judge Estevez. The record does indicate Jackson submitted his December 2016 motion and May 2017 letter to a clerk. Nothing shows either was received by the Potter County District Clerk. But more to the point, the record does not indicate that Judge Estevez received Jackson's motion or letter. It goes without saying then that the record does not conclusively establish Judge Estevez refused to rule on the motion for partial summary judgment, Jackson's motion, or Jackson's letter. *See In re Posey,* 2004 Tex. App. Lexis 695, at *2-3 (discussing authorities and finding in part that the relator's petition did not demonstrate his motion was called to the attention of the respondent trial court judge). Because Jackson has not shown Judge Estevez refused to rule on a

3

properly-presented pending pretrial motion, he has not met his mandamus burden and his petition is therefore denied.[1]

Per Curiam

---

[1] Because the record presented does not prove the matters addressed in Jackson's petition have been called to Judge Estevez's attention, we express no opinion on the merits of his implicit contention the judge has committed an abuse of discretion by a failure to rule on Jackson's opponent's motion for partial summary judgment.