**FIDELITY & GUARANTY INSURANCE UNDERWRITERS, INC., and Gisela Armstrong, Appellants,**

v.

**Corina SAENZ and Felipe Saenz, Jr., Appellees.**

No. 13–91–029–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 30, 1993.

Dissenting Opinion of Justice Yanez, Jan. 20, 1994.

Appellant's motions for rehearing overruled Nov. 30, 1993.

*DISSENTING OPINION ON MOTION FOR REHEARING*

YANEZ, Justice, dissenting.

Although there is no majority to grant or deny the appellees' motion for rehearing, I would grant the motion. This Court handed down its original opinion en banc, with Justices Seerden, Kennedy, and Dorsey reversing entirely the award of punitive damages, a portion of the future medical award, and remanding the cause to consider rescission of the Compromise Settlement Agreement with regard to future medical. I respectfully join in Justice Gilberto Hinojosa's and Justice Federico Hinojosa's dissent. Although I join in the entire dissent, two points are worthy of special note.

In this instance, the jury found that Fidelity ratified the adjuster's misrepresentations through the actions of Stan Lawson, the agent's supervisor. If, as the majority holds, there is insufficient evidence of ratification through the acts of Stan Lawson as supervisor, there are few cases indeed in which a ratification could ever be found. The jury as trier of fact here found ratification, and the evidence, albeit in part circumstantial, supports that finding.

There was sufficient evidence for the jury to find that Fidelity's conduct and misrepresentations constitute actionable fraud. The jury so found and awarded appellee $500,000 in future medical costs to compensate her for Fidelity's fraudulent misrepresentations. I wholly agree with Justice Gilberto Hinojosa's analysis of the issue of whether the evidence of medical expenses presented at trial can be considered in the calculation of damages flowing from Fidelity's fraudulent misrepresentations. I concur with his conclusion and would hold that they can. The plaintiff is entitled to the benefit of the jury's findings. I would grant appellees' motion for rehearing.

Justice Federico Hinojosa previously informed this court that the Supreme Court of Texas's recent holding in *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992), could result in a case where a panel of this Court would issue an opinion to which the remaining three justices of the court could dissent. Today, Justice Hinojosa's prediction has come to pass—this Court denies the appellant's motion for rehearing en banc by a deadlocked vote, and the Court's judgment is entered with three justices in the majority and three justices dissenting. Moreover, the number of justices voting to grant a motion for rehearing en banc exactly equals the number voting to deny, and the parties will be denied their rehearing en banc.

The rules of appellate procedure allow the courts of appeals to sit in panels:

> Except as provided in section 22.223 of the Government Code and these rules, original submissions of civil and criminal cases in a court of appeals shall be to a panel of the court consisting of three justices.... Except as otherwise provided in these rules, the decision of a panel of a court of appeals shall constitute the final decision of the court. TEX.R.APP.P. 70(a).

In *O'Connor*, the Supreme Court of Texas held that a non-panel justice was entitled to file a dissent to the court of appeals' denial of an en banc rehearing. *O'Connor*, 837 S.W.2d at 97. Justice Mauzy explained that the decision was made in light of Rule 79(a), which reflects the view that a court of appeals, though it may divide its cases among panels, is a single, unitary body. *Id.* at 96. However, the promotion of unity and uniformity, the intended effect announced in *O'Connor*, meets with a sharp rebuff in appellate rule 79(e), which provides:

> A hearing or rehearing en banc is not favored and should not be ordered unless consideration by the full court is necessary to secure or maintain uniformity of its decisions or in extraordinary circumstances. A vote need not be taken to determine whether a cause shall be heard or reheard en banc unless a justice of the en banc court requests a vote. If a vote is requested and a majority of the membership of the en banc court vote to hear or rehear the case en banc, the case will be heard or reheard en banc; otherwise it will be decided by a panel of the court. TEX. R.APP.P. 79(e).

Thus, to obtain a hearing or rehearing en banc, the appellant must clear a substantial hurdle in that it must secure a majority vote from the en banc court. In this case, in this Court, it is impossible to comply with the rule. The effect of Rule 79(e) in this case is that a panel majority carries the day, and the substantial opposition is forestalled from granting an en banc rehearing due to the frustrating problem of simple mathematical impossibility.

Considering *O'Connor* in light of the "panel procedure" and Rule 79(e), it appears that the Supreme Court of Texas may not have given adequate consideration to the possibility of deadlocks in the Corpus Christi, Austin, Amarillo, and El Paso Courts of Appeals. All of these courts have an even number of justices. As recently as last year, this Court deadlocked in the case of *Browning-Ferris Indus., Inc. v. Lieck*, 845 S.W.2d 926 (Tex. App.—Corpus Christi 1992, writ granted). Our decision in that case issued only two months after the Supreme Court of Texas ruled in *O'Connor* and only after the special assignment of a seventh, tie-breaking justice. While en banc rehearing was not an issue in *Lieck* as here, the recurrence of the deadlock problem, in so short a time, shows that some additional guidance with regards to rehearing en banc is needed after *O'Connor*.

In a case of deadlock such as this one, the appellant cannot meet its burden of obtaining a majority vote to grant an en banc rehearing. To add insult to injury, the appellant will be bound by a judgment rendered by three justices with three justices dissenting. In courts with an even number of justices, I believe such a result may seriously compromise the legitimacy of the court's opinion. While the Texas Supreme Court's jurisdiction to hear such a case would clearly be established, the purpose of Rule 79 was to facilitate the courts of appeals' ability to serve the growing population. *Id.* at 96. The courts of appeals are empowered to affirm, modify, correct, reform, reverse and dismiss, or reverse and render the judgment that the court below should have rendered. TEX.R.APP.P. 80(b). It serves neither the parties nor the quality of jurisprudence in this State for the rules to foreclose a much needed rehearing en banc and require the parties to take their case one step higher before the courts "get it right." *See O'Connor*, 837 S.W.2d at 96. I would invite the Supreme Court of Texas to consider modifying Rule 79 to reflect the spirit of the ruling in *O'Connor*.

I respectfully suggest that changing the language of section (e) of appellate Rule 79 consistent with section (d) of Rule 79 will obviate this problem. I would suggest that Rule 79 at (e) should read:

If a vote is requested and a majority of the membership of the en banc court vote to hear or rehear the case en banc *or if a majority of the justices of the court sitting en banc cannot concur in a decision because they are equally divided,* the case will be heard or reheard en banc; otherwise it will be decided by a panel of the court.

If the rule is modified as suggested, the hearing or rehearing could take place. If there is an equally divided court following the hearing or rehearing, then the provisions of section (d) of Rule 79 provide for certification to the Chief Justice of the Supreme Court to assign an additional justice to constitute an odd number of justices to participate in the decision of the case which allows for the decision to be made by a clear majority of justices sitting en banc.