

# NUMBER 13-21-00135-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

OCTAVIO AGUILERA; THE SCHUMACHER
GROUP OF TEXAS, INC.; VHS HARLINGEN
HOSPITAL COMPANY, LLC D/B/A VALLEY
BAPTIST MEDICAL CENTER-HARLINGEN;
ADRIAN ALANIZ; KRISTEN WHITE;
GEORGE HUDDLESTON, IV, M.D.;
AND WILLIAM TAW, M.D.,                                    Appellants,

v.

ELIAZAR COSTILLA, INDIVIDUALLY AND
AS THE REPRESENTATIVE OF THE ESTATE
OF KRISTY RENEE COSTILLA, DECEASED,
AND AS NEXT FRIEND OF A.J.C. AND C.K.C.,
MINORS; MELINDA RODRIGUEZ LEAL;
AND CAMILO TREVINO,                                      Appellees.

On appeal from the 197th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION DISSENTING TO DENIAL OF MOTION FOR EN BANC RECONSIDERATION

**Before the Court En Banc**
**Dissenting Memorandum Opinion by Justice Benavides**

Today, three members of the en banc court would vote to grant reconsideration of this case, either because it is "necessary to secure or maintain uniformity of the court's decisions" or because "extraordinary circumstances" exist. TEX. R. APP. P. 41.2(c). Three members of the court would vote to deny en banc reconsideration. But only two members of this court joined the original decision that now binds all six members.

Plurality opinions, that is, opinions that cannot garner agreement from a majority of the court, generally have no precedential value. *See Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994) ("Because the principles of law involved have not been agreed upon by a majority of the sitting court, the plurality opinion is not authority for determination of other cases, either in this Court or lower courts."). But rather than diminishing the precedential value of the underlying decision, the fact that half of our en banc court believes a decision agreed to by two justices necessitates the extraordinary remedy of en banc reconsideration has the sole effect of cementing *Aguilera* as binding authority. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022) ("[T]hree-judge panels must follow materially indistinguishable decisions of earlier panels of the same court unless a higher authority has superseded that prior decision."); *O'Connor v. First Ct. of Appeals*, 837 S.W.2d 94, 96 (Tex. 1992) ("Unless a court of appeals chooses to hear a case en banc, the decision of a panel constitutes the decision

2

of the whole court.").

Tied votes on motions for reconsideration en banc are a recurring issue in the courts of appeal. *See Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 436 (Tex. 2017) ("[A]n evenly divided en banc panel denied reconsideration . . . ."); *Kownslar v. City of Houston*, 658 S.W.3d 733, 734 (Tex. App.—Houston [14th Dist.] 2022, pet. filed) (Spain, J., dissenting from denial of en banc reconsideration) ("I again point out that a 4–4 vote is not a majority of anything other than a unanimous vote to do nothing."); *Willover v. State*, 38 S.W.3d 672, 687 (Tex. App.—Houston [1st Dist.] 2000) (Taft, J., dissenting from denial of en banc reconsideration) ("[A] five-to-five tie does not obtain the necessary majority of the en banc court to require en banc review."), *rev'd*, 70 S.W.3d 841 (Tex. Crim. App. 2002). In her dissent to the denial of reconsideration in *Fidelity & Guaranty Ins. Underwriters v. Saenz*, Justice Yañez succinctly explained the injustice of such a result:

> In a case of deadlock such as this one, the appellant cannot meet its burden of obtaining a majority vote to grant an en banc rehearing. To add insult to injury, the appellant will be bound by a judgment rendered by three justices with three justices dissenting. In courts with an even number of justices, I believe such a result may seriously compromise the legitimacy of the court's opinion. . . . It serves neither the parties nor the quality of jurisprudence in this State for the rules to foreclose a much needed rehearing en banc and require the parties to take their case one step higher before the courts "get it right."

878 S.W.2d 605, 605–607 (Tex. App.—Corpus Christi–Edinburg 1993, no writ) (Yañez, J., dissenting from denial of en banc reconsideration). The supreme court in 1996 was not persuaded by Justice Yañez's reasoning, instead concluding that "[v]otes on non-

dispositive motions, like motions for rehearing or for rehearing en banc, are evenly divided often enough that to appoint tie-breakers in each instance would be burdensome." *Saenz v. Fidelity & Guar. Ins. Underwriters*, 925 S.W.2d 607, 612 (Tex. 1996).

I fail to see how establishing bad precedent is a less burdensome result for the people of Texas, and I must emphasize the negative impact this decision will have on future cases. In addition to needlessly protracting the litigation in this case, two justices have placed a substantial right in jeopardy. Our legislature has seen fit to give grieving families like the Costillas their day in court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.004; *Bala v. Maxwell*, 909 S.W.2d 889, 893 (Tex. 1995) (explaining that survival and wrongful death actions are "permitted only by statute"). And although it is their statutory right that is immediately stymied, it will likely be someone's constitutional right that is deprived in the next case. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982) ("[A] cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause.").

The expert report requirement is designed to prevent frivolous litigation, but not at the expense of preventing meritorious litigation from advancing. *See Scoresby v. Santillan*, 346 S.W.3d 546, 554 (Tex. 2011). Three separate experts penned reports in this case that cumulatively span approximately fifteen single-spaced pages. Though the content of the reports differs, they all clearly and emphatically relay the same information: this claim is not frivolous. I continue to believe *Aguilera* was wrongly decided, and I fear that we risk delegitimizing the judiciary when we treat as precedent a decision by two

justices that fails to amass support from a majority of our en banc court. I respectfully dissent from the court's order denying appellees' motion for reconsideration en banc.

GINA M. BENAVIDES
Justice

Memorandum Opinion Dissenting to Denial of Motion for En Banc Reconsideration joined by Chief Justice Contreras and Justice Longoria.

Delivered and filed on the
8th day of June, 2023.