

# NUMBER 13-24-00208-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ANNA MERCEDEZ GUTIERREZ                                              Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

## ON APPEAL FROM THE 63RD DISTRICT COURT
## OF KINNEY COUNTY, TEXAS

# MEMORANDUM OPINION DISSENTING TO DENIAL OF MOTION FOR EN BANC RECONSIDERATION

**Before the Court En Banc**
**Dissenting Memorandum Opinion by Justice Silva**

Once again, this six-member court is deadlocked on a motion for en banc reconsideration. Three members of the en banc court would vote to grant reconsideration and three members of the en banc court would vote to deny, causing the motion for en

banc reconsideration in this case to fail.

As observed by Justice Benavides in a different case just eighteen months ago, such denial now means that only two members of this Court joined the original decision that now binds all six members. *See Aguilera v. Costilla*, No. 13-21-00135-CV, 2023 WL 3879854, at *1 (Tex. App.—Corpus Christi–Edinburg June 8, 2023, pet. denied) (Benavides, J., dissenting from denial of motion for en banc reconsideration). Because we are a six-member court, the result of three justices agreeing that this case should be heard en banc now means that this decision by only two justices has more binding authority than it did before the motion for en banc reconsideration was filed. I share Justice Benavides's earlier expressed concern that "we risk delegitimizing the judiciary when we treat as precedent a decision by two justices that fails to amass support from a majority of our en banc court." *Id.* at *2.

We have noted this issue for even-numbered member courts for twenty years. *See Fidelity & Guar. Ins. Underwriters v. Saenz*, 878 S.W.2d 605, 606–07 (Tex. App.—Corpus Christi–Edinburg 1993), rev'd on other grounds, 925 S.W.2d 607 (Tex. 1996), (Yañez, J., dissenting from denial of en banc reconsideration). As it continues to be a recurring problem, I would urge a reexamination of this rule.

Extraordinary circumstances require en banc reconsideration in this case. *See* Tex. R. App. P. 41.2(c). In addition to the erroneous decision on the merits by the two-justice panel majority in a matter of legal significance for this State, as set out in my dissent, the timing of the issuance of the majority decision also deprived the attorney general of his constitutional and statutory right to be heard in defense of a Texas statute. The Office of the Attorney General has now filed a brief in support of the motion for en

banc reconsideration, objecting to the majority panel's violation of Texas Government Code § 402.010(b), and seeking the opportunity to defend the constitutionality of this statute before the en banc court. For all these reasons, I respectfully dissent from the Court's order denying the State's Motion for En Banc Reconsideration.

CLARISSA SILVA
Justice

Memorandum Opinion Dissenting to Denial of Motion for En Banc Reconsideration joined by Justices Tijerina and Peña.

Publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed on the
31st day of December, 2024.