In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00229-CR
_____

IN RE RODERIC DEMOND JAMES

Original Proceeding
Criminal District Court of Jefferson County, Texas
Trial Cause No. 21-38216

**MEMORANDUM OPINION**

In a *pro se* petition for a writ of mandamus, Roderic Demond James asks that the Court order the trial court to rule on his Motion to Dismiss for Failure to Provide a Speedy Trial. James filed the pro se motion to dismiss on June 21, 2023. We deny the petition because James has not shown whether the trial court is aware James filed the motion, and even if the trial court is aware of the motion, James has failed to establish that the trial court refused to rule within a reasonable time.

1

.

Before we address the substance of James's petition, we briefly address why we decided to address James's pro se petition when the appendix he filed doesn't include an order demonstrating the trial court allowed James's attorney to withdraw and doesn't show that the trial court agreed to permit James to represent himself. We do so because the appendix includes a letter that James sent to the district clerk, in which James stated:

> I'm sending this waiver to counsel, so that I can represent myself in the Criminal District Court. Yes[,] I understand and I'm voluntarily waiving my right to be represented by a 'court appointed lawyer.' I now desire to proceed 'pro se.'[1]

The letter was file-marked by the district clerk in December 2022. Based on James's request in the letter, and because it has been on file since December, we will assume for the purpose of James's petition that the trial court has acted on his request, warned him of the dangers of representing himself, and allowed his court-appointed attorney to withdraw.

---

[1]The quotation has been altered from the original text of James's letter, as the quoted language appears in capital letters.

Turning to the merits of James's petition, to determine whether mandamus relief is appropriate in a criminal case, the relator must establish two things: (1) "he must show that he does not have an adequate remedy at law to address his alleged harm[;]" and (2) "he must show that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana,* 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To establish that a trial court committed an abuse of discretion by failing to rule on a motion, the relator must establish the trial court had a duty to perform a non-discretionary act, the relator demanded that the court perform its duty, and the court refused to rule within a reasonable time.[2]

Whether a reasonable period has lapsed depends on the circumstances of the case.[3] Those circumstances may include whether the trial court knew of the motion, whether the trial court overtly refused to act, the state of the trial court's docket, and whether there were other

---

[2]*O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

[3]*Chavez,* 62 S.W.3d at 228-29.

judicial and administrative matters on the docket that, in the trial court's discretion, the court determined it needed to address first.[4] We also consider that a trial court has an inherent right in the exercise of its sound discretion to control the matters on the court's docket.[5]

Without evidence to establish that the trial court expressly refused to entertain James's pro se motion, the lapse of a few weeks cannot be considered unreasonable given the record James has provided the Court to support his petition. As stated above, James failed to establish he brought his motion to the trial court's attention, and he failed to establish the trial court refused to rule on it within a reasonable period of time.

For the reasons explained above, the petition is denied.[6]

PETITION DENIED.

PER CURIAM

Submitted on July 25, 2023
Opinion Delivered July 26, 2023
Do Not Publish
Before Horton, Johnson and Wright, JJ.

---

[4]*In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding).

[5]*See Villareal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 631 (Tex. 1999); *In re Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).

[6]Tex. R. App. P. 52.8(a).